## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DEKALB COUNTY, FULTON COUNTY, and COBB COUNTY, GEORGIA, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) ) | CIVIL CASE NO.: 1:12-cv-03640-SCJ |
| HSBC NORTH AMERICA HOLDINGS INC., ET AL., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## <u>ANSWER AND AFFIRMATIVE DEFENSES OF HSBC DEFENDANTS</u>

The HSBC Defendants (collectively, "HSBC" or the "Company"), through their undersigned counsel, for their Answer to the Complaint filed on October 18, 2012, by Plaintiffs DeKalb County, Fulton County, and Cobb County, Georgia (the "Counties"), state affirmatively that the Company has long been a fair and responsible lender, and that it has not engaged in reverse redlining or unlawful discrimination in violation of the Fair Housing Act. The Counties' case is predicated on alleged vacancies in unidentified properties securing loans originated more than five years ago to unidentified borrowers. Plaintiffs appear to attribute

damages "in the hundreds of millions of dollars" (Complaint at ¶ 4) to HSBC's share of less than three percent of the Counties' residential mortgage lending market during the relevant period.  HSBC avers that there is no causal connection between the lending or servicing practices alleged in the Complaint and any increased costs for municipal services at these properties or decreased property tax revenues across broad stretches of the Counties that they claim as "financial injury."

The Counties have not identified a single property address where an alleged vacancy was caused by the terms of an HSBC loan or HSBC servicing, nor will they be able to do so.  In fact, defaults on these loans were caused by the complex weave of life circumstances—job loss, illness, death, and divorce—that typically precipitate foreclosure and other personal tumult and financial upheaval, and the Counties' own policies and stewardship has contributed to these forces and has not been helpful in avoiding or mitigating them.

The Counties' purported statistical claims are equally fallible.  The geographic distribution of HSBC's foreclosures is consistent with those of other lenders and thus not statistically suggestive of reverse redlining or unlawful discrimination.  HSBC avers that there is no causal connection between its lending practices and vacancies referenced in the Complaint, and makes the following affirmative defenses to the Complaint:

## **AFFIRMATIVE DEFENSES**

HSBC, for its Affirmative Defenses to the claims made in the Complaint, alleges and states as follows:

## **First Defense**

Plaintiffs do not have standing to bring their claim and thus the Court does not have subject matter jurisdiction over the claim.

## **Second Defense**

Plaintiffs have failed to state a claim upon which relief can be granted.

## **Third Defense**

Plaintiffs' claim is barred by the applicable statute of limitations.

## **Fourth Defense**

The Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*, is not applicable to the claims asserted by Plaintiff in this action or the damages allegedly sustained by Plaintiff.

## **Fifth Defense**

The Complaint improperly cumulates disparate claims against multiple defendants.

**<u>Sixth Defense</u>**

The Complaint is too vague for HSBC to ascertain the factual bases of any claim that Plaintiffs are attempting to allege.  Plaintiffs have, therefore, failed to plead their action with sufficient particularity as to HSBC.  This failure may preclude HSBC from raising all appropriate defenses.

**<u>Seventh Defense</u>**

This action does not present a justiciable case or controversy between Plaintiffs and HSBC.

**<u>Eighth Defense</u>**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of assumption of the risk and contributory negligence.

**<u>Ninth Defense</u>**

Plaintiffs' claims are barred because the damages alleged were not caused by any act, or failure to act, on the part of HSBC, regardless of any other cause or event, contributing concurrently or in any sequence, to the loss.

**<u>Tenth Defense</u>**

Plaintiffs have not sustained any damages proximately or actually caused by HSBC.

**Eleventh Defense**

To the extent Plaintiffs have suffered any legally cognizable damages or harm, which HSBC denies, any such damages or harm were the direct and proximate result of actions or omissions of third parties for which HSBC has no responsibility, or over which it has no control.

**Twelfth Defense**

To the extent Plaintiffs have suffered any legally cognizable damages or harm, which HSBC denies, any such damages or harm were caused, in whole or in part, by others' (including Plaintiffs') lack of due care, negligence, or fault.

**Thirteenth Defense**

Plaintiffs' claims are barred to the extent that Plaintiffs have failed to mitigate, minimize, or avoid any damage they allegedly sustained, and recovery against HSBC, if any, must be reduced by that amount.

**Fourteenth Defense**

Plaintiffs' claims are barred by waiver, release, laches, unclean hands, and other equitable doctrines.

**Fifteenth Defense**

Plaintiffs' claims are barred by the doctrines of accord and satisfaction.

**Sixteenth Defense**

Some or all of Plaintiffs claims are barred, or limited, by the defenses available under the Fair Housing Act and by additional defenses available under implementing regulations of the statutes.  HSBC hereby reserves its right to assert any such defenses.

**Seventeenth Defense**

Plaintiffs' claims are barred because they seek to impose liability on HSBC in violation of the Due Process Clause of the United States Constitution.

**Eighteenth Defense**

To the extent Plaintiffs have suffered any legally cognizable damages or harm, which HSBC denies, Plaintiffs' claims are barred, in whole or in part, because at all relevant times HSBC has operated its businesses in compliance with applicable laws and regulations.

**Nineteenth Defense**

Any and all actions HSBC took with respect to Plaintiffs were taken in the good faith exercise of HSBC's reasonable business judgment.

**Twentieth Defense**

HSBC acted with good faith and had an objectively reasonable belief its conduct did not violate the law.

**Twenty-first Defense**

Plaintiffs' claims are barred, in whole or in part, by the municipal cost recovery rule.

**Twenty-second Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of remoteness.

**Twenty-third Defense**

The Complaint fails to state facts sufficient to constitute a valid claim for attorneys' fees and costs.

**Twenty-fourth Defense**

Because Plaintiffs' Complaint does not describe the claims made against HSBC with sufficient particularity to enable the Company to determine all of its applicable defenses, HSBC hereby reserves its right to assert any and all additional defenses once the precise nature of the claims are ascertained.

## ANSWER

HSBC states as follows in response to each of the paragraphs of the Complaint:

1.      Paragraph 1 describes the nature of the action and does not contain any allegations against Defendants; thus, no response is required.  To the extent that a response is required, HSBC admits that Plaintiffs purport to bring this suit pursuant to the Fair Housing Act, 42 U.S.C. § 3601 *et seq*.

2.      This paragraph contains legal conclusions, general and unsupported factual assertions, inflammatory language, and attorney argument as to which no response is required.  To the extent that a response is required, HSBC admits that the Plaintiffs purport to seek the relief described in Paragraph 2.  HSBC specifically denies that it has engaged in predatory and discriminatory lending or servicing in the Counties or has caused mortgage loan delinquencies, defaults, foreclosures, and/or home vacancies in Plaintiffs' communities and neighborhoods, and particularly in those communities and neighborhoods with high percentages of FHA protected minority residents.  HSBC avers that inasmuch as the alleged concentrations exist, which it does not admit, they are not the result of unlawful discrimination by HSBC against FHA protected minority residents.  HSBC avers that the Counties are seeking redress in the Complaint for injuries caused by

personal circumstances impacting individual borrowers, which are unrelated to HSBC's lending or servicing practices, complex socioeconomic factors that have impacted the Counties for decades, and their own policies and practices.

3.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in any "aggressive, targeted marketing and making of predatory high cost, subprime, Alt-A and certain other conforming first and second lien home mortgage loans," as alleged in Paragraph 3 of the Complaint.  HSBC further denies that it engaged in any conduct that "foreseeabl[y]" or "inevitabl[y]" resulted in the foreclosure crisis or that it has caused any tangible or intangible damage to the Counties.  HSBC further denies that it is the cause of any out-of-pocket costs relating to abandoned or vacant properties, the erosion of the Counties' tax base, the loss of property tax revenue to the Counties, the loss of property recording fee income, or any other injuries "to the fabric of Plaintiffs' communities and residents" arising from urban blight. HSBC avers that loan delinquencies, defaults, vacancies, and foreclosures are the result of complex socioeconomic forces and life circumstances such as job loss, illness, and divorce, and are not the result of HSBC's lending or servicing activities.  HSBC states that it has not been provided with sufficient information

upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 3 of the Complaint and, therefore, must deny the allegations.

4.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies the generalized allegations contained in Paragraph 4 of the Complaint, and specifically denies that its lending practices are the cause of any delinquencies, defaults, home vacancies, and/or foreclosures, or that such practices have caused or will cause injury to the Plaintiffs.

5.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 5 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent that they are intended to refer to HSBC.

6.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 6 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

7.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 7 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

8.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 8 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

9.      This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it developed and sold mortgage loan products with predatory features, as alleged in Paragraph 9 of the Complaint. HSBC further denies that its mortgage lending operations were not subject to banking regulations and regulatory oversight.  HSBC further denies that it utilized "very little of [its] own capital."  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 9 of the Complaint and, therefore, must deny the allegations.

10.      This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that its business model and goal was to make as many mortgage loans as possible, at the highest interest rates possible, and for the largest loan amounts possible, without respect to whether such loans could be repaid, as alleged in Paragraph 10 of the Complaint. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 10 of the Complaint and, therefore, must deny the allegations.

11.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that its mortgage lending operations targeted any particular community or neighborhood or any FHA protected minorities for subprime "equity stripping mortgage products," as alleged in Paragraph 11 of the Complaint. HSBC further denies that its mortgage lending operations were predatory, discriminatory, or otherwise unlawful.  HSBC further denies that it financially incentivized its management, employees or wholesale lending channels to make loans based solely on the value of borrowers' homes, with the highest possible rates and fees, and without regard to borrowers' best interests or ability to repay.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 11 of the Complaint and, therefore, must deny the allegations.

12.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it targeted any particular community or neighborhood or any FHA protected minorities in conjunction with any abusive, predatory, or otherwise unlawful mortgage lending

practices, as alleged in Paragraph 12 of the Complaint.  HSBC states that it has not

been provided with sufficient information upon which to form a belief as to the

truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph

12 of the Complaint and, therefore, must deny the allegations.

13.     This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the generalized

allegations contained in Paragraph 13 of the Complaint and, therefore, must deny

these allegations, which are not specifically directed at HSBC, and specifically

deny the allegations to the extent they are intended to refer to HSBC.

14.     This paragraph contains general and unsupported factual assertions,

inflammatory language, and attorney argument to which no response is required.

To the extent that a response is required, HSBC denies that it engaged in any

wrongful "equity stripping subprime mortgage lending activities" or took any

related steps to "obfuscate, segment or pass to third parties" any associated

liability, as alleged in Paragraph 14 of the Complaint.  HSBC further denies that it

"avoid[ed] regulatory oversight," "inflated appraisals," or "mislead investors" as

alleged in Paragraph 14.  HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 14 of the Complaint and, therefore, must deny the allegations.

15.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that its compensation programs were in any way illegal, improper, or at odds with industry norms, as alleged in Paragraph 15 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 15 of the Complaint and, therefore, must deny the allegations.

16.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it has conceded liability with respect to the matters alleged in the Complaint, as alleged in Paragraph 16 of the Complaint. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 16 of the Complaint and, therefore, must deny the allegations.

17.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in any predatory subprime lending, securitization strategy, obfuscation tactics, or any other conduct causing illiquidity waves, the U.S. financial crisis, economic decline, higher unemployment rates, or the foreclosure crisis, as alleged in Paragraph 17 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 17 of the Complaint and, therefore, must deny the allegations.

18.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC specifically denies that it engaged in any unlawful lending practices, including any predatory or discriminatory practices, as alleged in Paragraph 18 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 18 of the Complaint and, therefore, must deny the allegations.

19.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 19 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

20.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 20 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

21.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 21 of the Complaint and, therefore, must deny

these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

22.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 22 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

23.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that its policies, practices, or actions are the primary cause of mortgage loan delinquencies, defaults, foreclosures, and/or vacancies in Plaintiffs' communities and neighborhoods with higher percentages of minority borrower homeowners, as alleged in Paragraph 23 of the Complaint. HSBC avers that insofar as such mortgage loan delinquencies, defaults, foreclosures, and/or vacancies are "disparately high" in Plaintiffs' communities and neighborhoods with higher percentages of minority borrower homeowners, as compared to the Counties' predominantly white neighborhoods, which it does not

admit, these concentrations are the result of legitimate factors and are not the result of unlawful racial discrimination.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 23 of the Complaint and, therefore, must deny the allegations.

24.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it has engaged in any "equity stripping" or predatory or discriminatory lending or servicing practices, as alleged in Paragraph 24 of the Complaint.  HSBC avers that the Counties are seeking redress in the Complaint for injuries caused by personal circumstances impacting individual borrowers which are unrelated to HSBC's lending or servicing practices, complex socioeconomic factors that have impacted the Counties for decades, and the Counties' own policies and practices.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 24 of the Complaint and, therefore, must deny the allegations.

25.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.

To the extent that a response is required, HSBC denies that it engaged in any unlawful predatory or discriminatory mortgage lending or servicing, as alleged in Paragraph 25 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 25 of the Complaint and, therefore, must deny the allegations.

26.    Paragraph 26 of the Complaint states a conclusion of law to which no response is required.  To the extent that Paragraph 26 of the Complaint is deemed to contain factual allegations, HSBC must deny these allegations.

27.    Paragraph 27 of the Complaint states a conclusion of law to which no response is required.  To the extent that Paragraph 27 of the Complaint is deemed to contain factual allegations, HSBC admits only that it conducts business in the Counties.  As to all other factual allegations deemed to be contained in Paragraph 27 of the Complaint, HSBC states that it does not have sufficient information upon which to form a belief as to the truth or falsity of these generalized allegations; therefore, HSBC must deny these allegations to the extent they are intended to refer to HSBC.

28.     HSBC denies that DeKalb County is an aggrieved person within the meaning of 42 U.S.C. § 3602(i).  Paragraph 28 otherwise contains no allegations directed at HSBC and thus does not call for any answer from HSBC.

29.     HSBC denies that Fulton County is an aggrieved person within the meaning of 42 U.S.C. § 3602(i).  Paragraph 29 otherwise contains no allegations directed at HSBC and thus does not call for any answer from HSBC.

30.     HSBC denies that Cobb County is an aggrieved person within the meaning of 42 U.S.C. § 3602(i).  Paragraph 30 otherwise contains no allegations directed at HSBC and thus does not call for any answer from HSBC.

31.     HSBC admits that Defendant HSBC North America Holdings Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York, New York.  HSBC avers that Defendant HSBC North America Holdings Inc. did not originate mortgage loans in the Counties at any time after 2004 and therefore is not a proper party to this action.  HSBC denies the remaining allegations in Paragraph 31 to the extent they are inconsistent with the Declarations of Lynne C. Zaremba (ECF No. 16-12) and Phyllis I. Johnston (ECF No. 16-13).

32.     HSBC admits that Defendant HSBC Investments (North America) Inc. is a corporation organized under the laws of Delaware but denies that its

principal place of business is in New York, New York.  HSBC avers that

Defendant HSBC Investments (North America) Inc. did not originate mortgage

loans in the Counties at any time after 2004 and therefore is not a proper party to

this action.  HSBC denies the remaining allegations in Paragraph 32 to the extent

they are inconsistent with the Declarations of Lynne C. Zaremba (ECF No. 16-12)

and Phyllis I. Johnston (ECF No. 16-13).

33.    HSBC admits that Defendant HSBC Finance Corporation is a

corporation organized under the laws of Delaware with its principal place of

business in Mettawa, Illinois.  HSBC avers that Defendant HSBC Finance

Corporation did not originate mortgage loans in the Counties at any time after 2004

and therefore is not a proper party to this action.  HSBC denies the remaining

allegations in Paragraph 33 to the extent they are inconsistent with the Declarations

of Lynne C. Zaremba (ECF No. 16-12) and Phyllis I. Johnston (ECF No. 16-13).

34.    HSBC admits that Defendant HSBC Mortgage Corporation (USA) is

a corporation organized under the laws of Delaware.  HSBC denies the remaining

allegations in Paragraph 34 to the extent they are inconsistent with the Declarations

of Lynne C. Zaremba (ECF No. 16-12) and Phyllis I. Johnston (ECF No. 16-13).

35.    HSBC admits that Defendant HSBC Mortgage Services Inc. is a

corporation organized under the laws of Delaware but denies that its principal

place of business is in Prospect Heights, Illinois.  HSBC denies the remaining

allegations in Paragraph 35 to the extent they are inconsistent with the Declarations

of Lynne C. Zaremba (ECF No. 16-12) and Phyllis I. Johnston (ECF No. 16-13).

36.     HSBC avers that HSBC Mortgage Services Warehouse Lending Inc.

was dissolved on December 12, 2011, and no longer exists.  HSBC admits that,

when it existed, Defendant HSBC Mortgage Services Warehouse Lending Inc. was

a corporation organized under the laws of Delaware with its principal place of

business in Mettawa, Illinois.  HSBC avers that Defendant HSBC Mortgage

Services Warehouse Lending Inc. did not originate mortgage loans in the Counties

at any time after 2004 and therefore is not a proper party to this action.  HSBC

denies the remaining allegations in Paragraph 36 to the extent they are inconsistent

with the Declarations of Lynne C. Zaremba (ECF No. 16-12) and Phyllis I.

Johnston (ECF No. 16-13).

37.     HSBC admits that Defendant HSBC USA Inc. is a corporation

organized under the laws of Maryland with its principal place of business in New

York, New York.  HSBC avers that Defendant HSBC USA Inc. did not originate

mortgage loans in the Counties at any time after 2004 and therefore is not a proper

party to this action.  HSBC denies the remaining allegations in Paragraph 37 to the

extent they are inconsistent with the Declarations of Lynne C. Zaremba (ECF No. 16-12) and Phyllis I. Johnston (ECF No. 16-13).

38.     HSBC admits that Defendant HSBC Bank USA, National Association, has its principal place of business in McLean, Virginia.  Because HSBC Bank USA, National Association, is a national association organized and existing under the laws of the United States of America, HSBC denies that it is a New York corporation, as alleged in Paragraph 38 of the Complaint.  HSBC denies the remaining allegations in Paragraph 38 to the extent they are inconsistent with the Declarations of Lynne C. Zaremba (ECF No. 16-12) and Phyllis I. Johnston (ECF No. 16-13).

39.     HSBC admits that Defendant Decision One Mortgage Company, LLC is a limited liability corporation organized under the laws of North Carolina. HSBC denies the remaining allegations in Paragraph 39 to the extent they are inconsistent with the Declarations of Lynne C. Zaremba (ECF No. 16-12) and Phyllis I. Johnston (ECF No. 16-13).

40.     HSBC admits that Defendant HSBC Markets (USA) Inc. is a Delaware corporation with its principal place of business in New York, New York. HSBC avers that Defendant HSBC Markets (USA) Inc. did not originate mortgage loans in the Counties at any time after 2004 and therefore is not a proper party to

this action.  HSBC denies the remaining allegations in Paragraph 40 to the extent

they are inconsistent with the Declarations of Lynne C. Zaremba (ECF No. 16-12)

and Phyllis I. Johnston (ECF No. 16-13).

41.     HSBC denies the allegations in Paragraph 41 of the Complaint.

42.     HSBC denies the allegations in Paragraph 42 of the Complaint.  To

the extent that Plaintiffs expect to name additional Defendants, HSBC has not been

provided with sufficient information upon which to form a belief as to the truth or

falsity of the allegations in Paragraph 42 related to unnamed Defendants and

therefore must deny the allegations.

43.     This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies that it engaged in any unlawful acts or

practices, as alleged in Paragraph 43 of the Complaint.  HSBC states that it has not

been provided with sufficient information upon which to form a belief as to the

truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph

43 of the Complaint and, therefore, must deny the allegations.

44.     Paragraph 44 of the Complaint contains general and unsupported

factual assertions and attorney argument to which no response is required.  To the

extent that Paragraph 44 of the Complaint is deemed to contain factual allegations,

HSBC admits only that HSBC Holdings plc is headquartered in London.  As to all other factual allegations contained in Paragraph 44 of the Complaint, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 44 of the Complaint and, therefore, must deny the allegations.

45.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 45 of the Complaint.  HSBC specifically denies that selectively-quoted portions of its securities filings provide factual support for the allegations in the Complaint.

46.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 46 of the Complaint.

47.    This paragraph contains general and unsupported factual assertions inflammatory language, and attorney argument to which no response is required.

To the extent that a response is required, HSBC denies that it targeted minorities and high minority areas for subprime lending, as alleged in Paragraph 47 of the Complaint.  HSBC further denies that it offered financial incentives or otherwise encouraged loan officers, authorized mortgage brokers, correspondent lenders, or any other entity to make high cost, subprime and/or ALT-A loans as quickly as possible and at the highest possible amounts without regard to borrowers' best interests or ability to repay.  HSBC further denies that it has engaged in reverse redlining and denies that it has engaged in a pattern or practice of unlawful, predatory, discriminatory, or otherwise unfair lending in the Counties.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 47 of the Complaint and, therefore, must deny the allegations.

48.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 48 of the Complaint and, therefore, must deny the allegations.

27

49.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 49 of the Complaint and, therefore, must deny the allegations.

50.     HSBC admits that the Home Mortgage Disclosure Act ("HMDA") was passed in 1975 and is implemented by Federal Reserve Board Regulation C, which requires reporting of certain data relating to mortgage lending.  The remaining allegations in this paragraph contain general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations in Paragraph 50 of the Complaint, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

51.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 51 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

52.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in any discriminatory lending. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining, generalized allegations contained in Paragraph 52 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

53.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 53 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

54.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that its lending practices yielded any illegal pricing disparities, as alleged in Paragraph 54 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 54 of the Complaint and, therefore, must deny the allegations.

55.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 55 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

56.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 56 of the Complaint and, therefore, must deny

these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

57.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 57 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

58.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 58 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

59.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 59 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

60.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 60 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

61.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it has engaged in unlawful, predatory, discriminatory, or otherwise unfair mortgage lending practices in the Counties, as alleged in Paragraph 61 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 61 of the Complaint and, therefore, must deny the allegations.

62.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in unlawful, predatory, discriminatory, or otherwise unfair lending in the Counties, as alleged in Paragraph 62 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 62 of the Complaint and, therefore, must deny the allegations.

63.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it "financially enslave[d]" its customers or was unconcerned about whether loans would be repaid, as alleged in Paragraph 63 of the Complaint.  HSBC further denies that it failed to follow responsible underwriting practices in connection with residential mortgage lending to minority borrowers in the Counties, or that it has engaged in reverse redlining or a practice of targeting minority communities, neighborhoods, or borrowers for discriminatory practices and predatory pricing and products.  HSBC also specifically denies that it has engaged in a practice of putting minority borrowers into loans they could not afford in order to maximize profits.  HSBC states that it has not been provided with

sufficient information upon which to form a belief as to the truth or falsity of the

remaining ill-defined, unsupported allegations in Paragraph 63 of the Complaint

and, therefore, must deny the allegations.

64.     This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the ill-defined,

unsupported allegations in Paragraph 64 of the Complaint.  HSBC specifically

denies that selectively-quoted portions of its securities filings provide factual

support for the allegations in the Complaint.

65.     This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the ill-defined,

unsupported allegations in Paragraph 65 of the Complaint.  HSBC specifically

denies that selectively-quoted portions of its securities filings provide factual

support for the allegations in the Complaint.

66.     This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 66 of the Complaint.  HSBC specifically denies that selectively-quoted portions of its securities filings provide factual support for the allegations in the Complaint.

67.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it targeted FHA protected minorities or otherwise engaged in any unlawful discriminatory practices, as alleged in Paragraph 67 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 67 of the Complaint and, therefore, must deny the allegations.

68.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 68 of the Complaint and, therefore, must deny the allegations.

69.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 69 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

70.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it failed to follow responsible underwriting practices in connection with residential mortgage loan originations in Plaintiffs' communities, as alleged in Paragraph 70 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 70 of the Complaint and, therefore, must deny the allegations.

71.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined,

unsupported allegations in Paragraph 71 of the Complaint.  HSBC specifically

denies that selectively-quoted portions of its securities filings provide factual

support for the allegations in the Complaint.

72.    This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC admits that it collected certain data in compliance with

the Home Mortgage Disclosure Act.  HSBC states that it has not been provided

with sufficient information upon which to form a belief as to the truth or falsity of

the remaining ill-defined, unsupported allegations in Paragraph 72 of the

Complaint and, therefore, must deny the allegations.

73.    This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies the generalized allegations contained in

Paragraph 73 of the Complaint, and specifically denies that it inappropriately

targeted minorities in Plaintiffs' communities with respect to marketing or lending

activities.

74.    This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 74 of the Complaint and, therefore, must deny the allegations.

75.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it originated loans without regard to ability to repay and that it engaged in "equity stripping," as alleged in Paragraph 75 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 75 of the Complaint and, therefore, must deny the allegations.

76.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory or discriminatory lending targeted at FHA protected minorities in the Counties, as alleged in Paragraph 76 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 76 of the Complaint and, therefore, must deny the allegations.

77.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it unlawfully made loans to minority borrowers on terms less favorable than those offered to white borrowers, including with respect to rates, fees, and other terms, as alleged in Paragraph 77 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 77 of the Complaint and, therefore, must deny the allegations.

78.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it inappropriately targeted FHA protected minorities in the Counties for first and second lien high cost, subprime, and ALT-A conforming mortgages, as alleged in Paragraph 78 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 78 of the Complaint and, therefore, must deny the allegations.

79.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies that it inappropriately targeted FHA protected minorities in the Counties, as alleged in Paragraph 79 of the Complaint. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 79 of the Complaint and, therefore, must deny the allegations.

80.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the Counties for loans, as alleged in Paragraph 80 of the Complaint. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported, and generalized allegations contained in Paragraph 80 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

81.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the Counties based on "personal preferences" or "shopping patterns," as alleged in

Paragraph 81 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 81 of the Complaint and, therefore, must deny the allegations.

82.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the Counties to "upsell" or for "more profitable" mortgage loans, as alleged in Paragraph 82 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 82 of the Complaint and, therefore, must deny the allegations.

83.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 83 of the Complaint and, therefore, must deny the allegations.

84.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies that it inappropriately targeted minorities in the Counties to "upsell" home equity lines of credit, as alleged in Paragraph 84 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 84 of the Complaint and, therefore, must deny the allegations.

85.      This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in any unlawful or inappropriate direct mail marketing to minorities in Plaintiffs' communities, as alleged in Paragraph 85 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 85 of the Complaint and, therefore, must deny the allegations.

86.      This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the Counties for "sales leads," as alleged in Paragraph 86 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form

a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 86 of the Complaint and, therefore, must deny the allegations.

87.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the Counties for "sales leads" or predatory home equity or other mortgage loans, as alleged in Paragraph 87 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 87 of the Complaint and, therefore, must deny the allegations.

88.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the Counties for "sales leads," as alleged in Paragraph 88 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 88 of the Complaint and, therefore, must deny the allegations.

89.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the Counties for "sales leads" or high cost, subprime, or ALT-A conforming first and second lien mortgage loan products, as alleged in Paragraph 89 of the Complaint. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 89 of the Complaint and, therefore, must deny the allegations.

90.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the Counties for subprime loans, as alleged in Paragraph 90 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 90 of the Complaint and, therefore, must deny the allegations.

91.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies that it inappropriately targeted minorities in the Counties for "refinance arrangement[s]," as alleged in Paragraph 91 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 91 of the Complaint and, therefore, must deny the allegations.

92.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in "equity stripping," and denies that it engaged in "refinance arrangements" without regard to tangible benefit, as alleged in Paragraph 92 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 92 of the Complaint and, therefore, must deny the allegations.

93.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the Counties for refinance loans, as alleged in Paragraph 93 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form

a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 93 of the Complaint and, therefore, must deny the allegations.

94.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the Counties for refinance loans, as alleged in Paragraph 94 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 94 of the Complaint and, therefore, must deny the allegations.

95.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the Counties for refinance loans, as alleged in Paragraph 95 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 95 of the Complaint and, therefore, must deny the allegations.

96.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the Counties for refinance loans, as alleged in Paragraph 96 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 96 of the Complaint and, therefore, must deny the allegations.

97.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the Counties for refinance loans, as alleged in Paragraph 97 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 97 of the Complaint and, therefore, must deny the allegations.

98.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it inappropriately targeted minorities in the

Counties for refinance loans, as alleged in Paragraph 98 of the Complaint.  HSBC further denies that it engaged in an unlawful pattern or practice of unfair or deceptive lending.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 98 of the Complaint and, therefore, must deny the allegations.

99.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it originated mortgage loans based on inflated appraisals of which it was "well aware," as alleged in Paragraph 99 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 99 of the Complaint and, therefore, must deny the allegations.

100.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC specifically denies that it failed to underwrite loans in minority and underserved communities in a responsible manner.  HSBC further denies that it authorized, approved, encouraged, or otherwise allowed the purported

discriminatory lending practices enumerated in Paragraph 100 of the Complaint,

including unchecked or improper credit approval decisions for minority borrowers;

subjective surcharges on minority borrowers; unlawful steering of minority

borrowers qualified for prime loans into subprime loans, and undisclosed inflation

of appraisal values of minority residences.  HSBC states that it has not been

provided with sufficient information upon which to form a belief as to the truth or

falsity of the remaining ill-defined, unsupported allegations in Paragraph 100 of

the Complaint and, therefore, must deny the allegations.

101.   This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the ill-defined,

unsupported allegations in Paragraph 101 of the Complaint and, therefore, must

deny the allegations.

102.   This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies the generalized allegations contained in

Paragraph 102 of the Complaint, and specifically denies that any discretionary

pricing policies authorized or encouraged employees, branch managers, or brokers

and correspondent lenders to discriminate against minority borrowers in the

Counties.

103.   This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies the generalized allegations contained in

Paragraph 103 of the Complaint, and specifically denies that any discretionary

pricing policies authorized or encouraged employees, branch managers, or brokers

and correspondent lenders to discriminate against minority borrowers in the

Counties.

104.   This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies the generalized allegations contained in

Paragraph 104 of the Complaint, and specifically denies that any discretionary

pricing policies authorized or encouraged employees, branch managers, or brokers

and correspondent lenders to discriminate against minority borrowers in the

Counties.

105.   This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies the generalized allegations contained in

Paragraph 105 of the Complaint, and specifically denies that any discretionary pricing policies authorized or encouraged employees, branch managers, or brokers and correspondent lenders to discriminate against minority borrowers in the Counties.

106.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC admits that it utilized objective, risk-based credit factors.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 106 of the Complaint and, therefore, must deny the allegations.

107.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it imposed discretionary fees and costs that were not based on appropriate credit risk factors, as alleged in Paragraph 107 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 107 of the Complaint and, therefore, must deny the allegations.

108.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that any discretionary pricing policies authorized or provided financial incentives to loan officers or branch managers to discriminate against minority borrowers in the Counties.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 108 of the Complaint and, therefore, must deny the allegations.

109.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that any discretionary pricing policies authorized or provided financial incentives to loan officers or branch managers to discriminate against minority borrowers in the Counties.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 109 of the Complaint and, therefore, must deny the allegations.

110.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 110 of the Complaint and, therefore, must deny the allegations.

111.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC specifically denies that it failed to underwrite loans in minority and underserved communities in a responsible manner.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 111 of the Complaint and, therefore, must deny the allegations.

112.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in any predatory or discriminatory loan pricing with respect to FHA protected minorities, as alleged in Paragraph 112 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 112 of the Complaint and, therefore, must deny the allegations.

113.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it failed to follow responsible underwriting practices in connection with the origination of residential mortgage loans secured by real estate located in the Counties' minority and underserved communities, as alleged in Paragraph 113 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 113 of the Complaint and, therefore, must deny the allegations.

114.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it made "equity stripping subprime loans" to minority borrowers without regard to "the consequences," as alleged in Paragraph 114 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 114 of the Complaint and, therefore, must deny the allegations.

115.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies that any discretionary pricing policies caused a pattern or practice of unlawful, predatory, or discriminatory loan pricing in the Counties. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 115 of the Complaint and, therefore, must deny the allegations.

116.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC specifically denies that it engaged in wrongful lending practices that resulted in disproportionate concentrations of mortgage delinquencies, defaults, and home foreclosures in the Counties' minority communities and neighborhoods. HSBC avers that insofar as such concentrations exist, which it does not admit, they are not the result of unlawful discrimination against minorities by HSBC. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 116 of the Complaint and, therefore, must deny the allegations.

117.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a

response is required, HSBC denies that its underwriting standards were designed to approve mortgage loans to uncreditworthy minority borrowers.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 117 of the Complaint and, therefore, must deny the allegations.

118.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that its underwriting policies were designed to, or did, authorize or encourage loan officers, branch managers, brokers, or correspondent lenders to approve mortgage loans or improperly increase loan amounts to unqualified minority borrowers.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 118 of the Complaint and, therefore, must deny the allegations.

119.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined,

unsupported allegations in Paragraph 119 of the Complaint and, therefore, must deny the allegations.

120.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it failed to underwrite loans in the Counties' minority communities and neighborhoods in a responsible manner. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 120 of the Complaint and, therefore, must deny the allegations.

121.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in any predatory or discriminatory conduct, as alleged in Paragraph 121 of the Complaint. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 121 of the Complaint and, therefore, must deny the allegations.

122.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that its underwriting policies caused minorities in the Counties to disproportionately receive mortgage loans they could not repay, as alleged in Paragraph 122 of the Complaint.  HSBC avers that insofar as communities and neighborhoods in the Counties with higher percentages of FHA protected minority borrowers have experienced higher rates of mortgage delinquencies, defaults, and home foreclosures as compared to other communities and neighborhoods, which HSBC does not admit, such concentrations are not the result of unlawful racial discrimination by HSBC.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 122 of the Complaint and, therefore, must deny the allegations.

123.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it failed to follow responsible underwriting practices in connection with residential mortgage lending to minority borrowers in the Counties, including by overriding and/or circumventing its own underwriters, as alleged in Paragraph 123 of the Complaint.  HSBC further denies that it has

engaged in reverse redlining or a practice of targeting minority communities,

neighborhoods, or borrowers for discriminatory practices and predatory pricing

and products.  HSBC also specifically denies that it has engaged in a practice of

putting minority borrowers into loans they could not afford in order to maximize

profits.  HSBC states that it has not been provided with sufficient information upon

which to form a belief as to the truth or falsity of the remaining ill-defined,

unsupported allegations in Paragraph 123 of the Complaint and, therefore, must

deny the allegations.

124.   This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies that it failed to follow responsible underwriting

practices in connection with residential mortgage lending to minority borrowers in

the Counties, including by improperly using comparison properties in appraisals,

as alleged in Paragraph 124 of the Complaint.  HSBC states that it has not been

provided with sufficient information upon which to form a belief as to the truth or

falsity of the remaining ill-defined, unsupported allegations in Paragraph 124 of

the Complaint and, therefore, must deny the allegations.

125.   This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies that it failed to follow responsible underwriting practices in connection with residential mortgage lending to minority borrowers in the Counties, including by "push[ing] the value" of appraisals or overriding its own underwriters, as alleged in Paragraph 125 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 125 of the Complaint and, therefore, must deny the allegations.

126.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it failed to follow responsible underwriting practices in connection with residential mortgage lending to minority borrowers in the Counties, including by ignoring "appraisal issues," as alleged in Paragraph 126 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 126 of the Complaint and, therefore, must deny the allegations.

127.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 127 of the Complaint and, therefore, must deny the allegations.

128.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies any improper practices with respect to appraisals, as alleged in Paragraph 128 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 128 of the Complaint and, therefore, must deny the allegations.

129.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it failed to follow responsible underwriting practices in connection with residential mortgage lending to minority borrowers in the Counties, and denies that it engaged in a practice of putting minority borrowers into loans they could not afford, incentivized or rewarded such a practice, or failed to implement appropriate controls to prevent such a practice, as alleged in Paragraph 129 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the

remaining ill-defined, unsupported allegations in Paragraph 129 of the Complaint and, therefore, must deny the allegations.

130.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it failed to follow responsible underwriting practices in connection with residential mortgage lending to minorities in the Counties' communities and neighborhoods.  HSBC avers that inasmuch as Plaintiffs' communities and neighborhoods with higher percentages of FHA protected minorities have experienced greater or disproportionate rates of mortgage delinquencies, defaults, and home foreclosures, which it does not admit, they are not the result of unlawful discrimination by HSBC.  HSBC states that it does not have sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 130 of the Complaint, and therefore, must deny the allegations.

131.   This paragraph contains general and unsupported factual assertions and attorney argument as to which no response is required.  To the extent that a response is required, HSBC specifically denies that it engaged in predatory or discriminatory lending, as alleged in Paragraph 131 of the Complaint.  HSBC further denies that it failed to follow responsible underwriting practices in

connection with residential mortgage lending to minorities in the Counties'
communities and neighborhoods.  HSBC states that it has not been provided with
sufficient information upon which to form a belief as to the truth or falsity of the
remaining ill-defined, unsupported allegations in Paragraph 131 of the Complaint
and, therefore, must deny the allegations.

132.   This paragraph contains general and unsupported factual assertions to
which no response is required.  To the extent that a response is required, HSBC
admits that it supplied loan officers, loan processors, underwriters, and branch
managers with loan-related forms and agreements.  HSBC states that it has not
been provided with sufficient information upon which to form a belief as to the
truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph
132 of the Complaint and, therefore, must deny the allegations.

133.   This paragraph contains general and unsupported factual assertions
and attorney argument to which no response is required.  To the extent that a
response is required, HSBC admits that it provided training to loan officers, loan
processors, underwriters, and branch managers.  HSBC states that it has not been
provided with sufficient information upon which to form a belief as to the truth or
falsity of the remaining ill-defined, unsupported allegations in Paragraph 133 of
the Complaint and, therefore, must deny the allegations.

134.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it failed to follow responsible underwriting practices in connection with residential mortgage lending to minorities in the Counties' communities and neighborhoods.  HSBC further denies that it engaged in or incentivized the purported lending practices enumerated in Paragraph 134 of the Complaint, including unlawfully steering borrowers qualified for prime loans into subprime or higher cost loans, approving unqualified minority borrowers at all or for loan amounts not supported by the value of their homes, or inflating the value of minority borrowers' homes.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 134 of the Complaint and, therefore, must deny the allegations.

135.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it failed to follow responsible underwriting practices in connection with residential mortgage lending to minorities in the Counties' communities and neighborhoods.  HSBC further denies that it engaged in predatory lending or equity stripping, or that it established

or enforced practices designed to maximize the number of high cost, subprime, or ALT-A conforming mortgage loans made to FHA protected minority borrowers in Plaintiffs' communities and neighborhoods.  HSBC avers that inasmuch as Plaintiffs' communities and neighborhoods with higher percentages of FHA protected minorities have experienced greater or disproportionate rates of mortgage delinquencies, defaults, and home foreclosures, which it does not admit, they are not the result of unlawful discrimination by HSBC.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 135 of the Complaint and, therefore, must deny the allegations.

136.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it intentionally targeted FHA protected minorities in Plaintiffs' neighborhoods and communities for high cost, subprime, and ALT-A conforming mortgage loans, as alleged in Paragraph 136 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 136 of the Complaint and, therefore, must deny the allegations.

137.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory lending practices or targeted FHA protected minorities in Plaintiffs' neighborhoods and communities for high cost, subprime, and ALT-A conforming mortgage loans, as alleged in Paragraph 137 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 137 of the Complaint and, therefore, must deny the allegations.

138.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 138 of the Complaint and, therefore, must deny the allegations.

139.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined,

unsupported allegations in Paragraph 139 of the Complaint and, therefore, must deny the allegations.

140.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 140 of the Complaint and, therefore, must deny the allegations.

141.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it made a substantially greater percentage of total mortgage loans to minority borrowers than to white borrowers far beyond what the racial makeup of Plaintiffs' communities and neighborhoods would otherwise indicate, as alleged in Paragraph 141 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 141 of the Complaint and, therefore, must deny the allegations.

142.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a

response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 142 of the Complaint and, therefore, must deny the allegations.

143.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 143 of the Complaint and, therefore, must deny the allegations.

144.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 144 of the Complaint and, therefore, must deny the allegations.

145.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it made a substantially greater percentage

of "high cost" mortgage loans to minority borrowers than to white borrowers far beyond what the racial makeup of Plaintiffs' communities and neighborhoods would otherwise suggest, as alleged in Paragraph 145 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 145 of the Complaint and, therefore, must deny the allegations.

146.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory mortgage lending, discriminatory targeting, or discriminatory treatment of minority borrowers, including "reverse redlining," as alleged in Paragraph 146 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 146 of the Complaint and, therefore, must deny the allegations.

147.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory

or discriminatory equity stripping practices, as alleged in Paragraph 147 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 147 of the Complaint and, therefore, must deny the allegations.

148.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it targeted minority borrowers through reverse redlining, as alleged in Paragraph 148 of the Complaint. HSBC further denies that it failed to follow or incentivized disregard for responsible underwriting practices in connection with residential mortgage lending to minority borrowers in the Counties.  HSBC further denies that it manipulated mortgage lending data reporting or made improper use of MERS.  HSBC avers that inasmuch as Plaintiffs' communities and neighborhoods with high minority populations have experienced foreclosure rates relatively higher than communities and neighborhoods with predominantly white populations, which it does not admit, they are not the result of unlawful discrimination by HSBC.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to

the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 148 of the Complaint and, therefore, must deny the allegations.

149.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 149 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent that they are intended to refer to HSBC.

150.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 150 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent that they are intended to refer to HSBC.

151.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a

response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 151 of the Complaint and, therefore, must deny the allegations.

152.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 152 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent that they are intended to refer to HSBC.

153.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 153 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent that they are intended to refer to HSBC.

154.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 154 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent that they are intended to refer to HSBC.

155.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 155 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent that they are intended to refer to HSBC.

156.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 156 of the Complaint and, therefore, must

deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent that they are intended to refer to HSBC.

157.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 157 of the Complaint and, therefore, must deny the allegations.

158.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 158 of the Complaint and, therefore, must deny the allegations.

159.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined,

unsupported allegations in Paragraph 159 of the Complaint and, therefore, must deny the allegations.

160.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 160 of the Complaint and, therefore, must deny the allegations.

161.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it incentivized brokers and correspondent lenders to originate mortgage loans in minority and underserved communities in a manner inconsistent with responsible underwriting practices, as alleged in Paragraph 161 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 161 of the Complaint and, therefore, must deny the allegations.

162.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies that it incentivized brokers and correspondent lenders to engage in predatory lending or to originate mortgage loans in minority and underserved communities in a manner inconsistent with responsible underwriting practices, as alleged in Paragraph 162 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 162 of the Complaint and, therefore, must deny the allegations.

163.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 163 of the Complaint and, therefore, must deny the allegations.

164.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 164 of the Complaint and, therefore, must deny the allegations.

165.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it is "liable" for unaffiliated third party lending practices.  HSBC specifically denies that selectively-quoted portions of securities filings provide factual support for the allegations of unlawful conduct in the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 165 of the Complaint and, therefore, must deny the allegations.

166.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory or discriminatory subprime lending through unaffiliated third parties, as alleged in Paragraph 166 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 166 of the Complaint and, therefore, must deny the allegations.

167.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a

response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 167 of the Complaint and, therefore, must deny the allegations.

168.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 168 of the Complaint and, therefore, must deny the allegations.

169.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 169 of the Complaint and, therefore, must deny the allegations.

170.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it "willful[ly]" failed to follow responsible

underwriting practices in connection with residential mortgage lending by unaffiliated third parties, as alleged in Paragraph 170 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 170 of the Complaint and, therefore, must deny the allegations.

171.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it "overlook[ed]" failure to follow responsible underwriting practices in connection with residential mortgage lending by unaffiliated third parties, as alleged in Paragraph 171 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 171 of the Complaint and, therefore, must deny the allegations.

172.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it "[did] loans that did not need to be done" in connection with residential mortgage lending by unaffiliated third parties, as

alleged in Paragraph 172 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 172 of the Complaint and, therefore, must deny the allegations.

173.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 173 of the Complaint and, therefore, must deny the allegations.

174.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 174 of the Complaint and, therefore, must deny the allegations.

175.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it "tasked" underwriters to "find

exceptions" or otherwise fail to follow responsible underwriting practices in connection with residential mortgage lending by unaffiliated third parties. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 175 of the Complaint and, therefore, must deny the allegations.

176. This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it "tasked" underwriters to "find exceptions" or otherwise fail to follow responsible underwriting practices in connection with residential mortgage lending by unaffiliated third parties. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 176 of the Complaint and, therefore, must deny the allegations.

177. This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined,

unsupported allegations in Paragraph 177 of the Complaint and, therefore, must deny the allegations.

178.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it failed to follow responsible underwriting practices in connection with mortgage lending to Hispanic borrowers by unaffiliated third parties, as alleged in Paragraph 178.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 178 of the Complaint and, therefore, must deny the allegations.

179.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it "approved" of any failure to follow responsible underwriting practices by unaffiliated third parties, as alleged in Paragraph 179 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 179 of the Complaint and, therefore, must deny the allegations.

180.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 180 of the Complaint and, therefore, must deny the allegations.

181.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 181 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

182.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 182 of the Complaint and, therefore, must

deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

183.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 183 of the Complaint and, therefore, must deny the allegations.

184.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it authorized, approved, encouraged, or otherwise allowed employees, brokers, or correspondent lenders to engage in the purported predatory or discriminatory mortgage lending practices enumerated in Paragraph 184 of the Complaint, including inappropriately targeting minority borrowers for subprime loans, failing to advise such borrowers of lower cost alternatives, advising such borrowers not to submit proof of income, or deceiving such customers in connection with the terms of their loans.  HSBC states that it has not been provided with sufficient information upon which to form a

belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 184 of the Complaint and, therefore, must deny the allegations.

185.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory or discriminatory lending activity or "willful disregard[ed]" the ability of minority borrowers to repay their mortgage loans, as alleged in Paragraph 185 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 185 of the Complaint and, therefore, must deny the allegations.

186.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory or discriminatory lending, as alleged in Paragraph 186 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 186 of the Complaint and, therefore, must deny the allegations.

187.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory or discriminatory mortgage lending practices, as alleged in Paragraph 187 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 187 of the Complaint and, therefore, must deny the allegations.

188.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 188 of the Complaint and, therefore, must deny the allegations.

189.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in or encouraged predatory and discriminatory lending practices, as alleged in Paragraph 189 of the Complaint.  HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 189 of the Complaint and, therefore, must deny the allegations.

190.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory lending activity or inappropriately targeted minority borrowers, as alleged in Paragraph 190 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 190 of the Complaint and, therefore, must deny the allegations.

191.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory or discriminatory lending practices or any "activities to isolate, eliminate, shift and/or conceal" risk, as alleged in Paragraph 191 of the Complaint.  HSBC further denies that it used MERS to "obfuscate the chain of liability in the foreclosure process," as also alleged in Paragraph 191 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to

the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 191 of the Complaint and, therefore, must deny the allegations.

192.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory subprime lending activities, as alleged in Paragraph 192 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 192 of the Complaint and, therefore, must deny the allegations.

193.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 193 of the Complaint and, therefore, must deny the allegations.

194.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined,

unsupported allegations in Paragraph 194 of the Complaint and, therefore, must deny the allegations. HSBC specifically denies that selectively-quoted portions of securities filings provide factual support for the allegations of unlawful conduct in the Complaint.

195.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it utilized its organizational structure to avoid regulatory scrutiny, as alleged in Paragraph 195 of the Complaint. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 195 of the Complaint and, therefore, must deny the allegations.

196.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 196 of the Complaint and, therefore, must deny the allegations.

197.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 197 of the Complaint and, therefore, must deny the allegations.

198.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it utilized its organizational structure to avoid regulatory scrutiny, as alleged in Paragraph 198 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 198 of the Complaint and, therefore, must deny the allegations.

199.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in a pattern or practice of discriminatory mortgage lending or that it "obfuscated the reporting of race and ethnicity data," as alleged in Paragraph 199 of the Complaint.  HSBC

states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 199 of the Complaint and, therefore, must deny the allegations.

200.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 200 of the Complaint and, therefore, must deny the allegations.

201.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory or discriminatory behavior, as alleged in Paragraph 201 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 201 of the Complaint and, therefore, must deny the allegations.

202.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it "had full access to and knowledge of" any predatory or discriminatory practices in connection with residential mortgage lending by unaffiliated third parties, as alleged in Paragraph 202 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 202 of the Complaint and, therefore, must deny the allegations.

203.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 203 of the Complaint and, therefore, must deny the allegations.

204.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it had a predatory lending structure or used such a structure or any other mechanism to avoid

regulatory fair lending oversight, as alleged in Paragraph 204 of the Complaint.

HSBC states that it has not been provided with sufficient information upon which

to form a belief as to the truth or falsity of the remaining ill-defined, unsupported

allegations in Paragraph 204 of the Complaint and, therefore, must deny the

allegations.

205.   This paragraph contains general and unsupported factual assertions,

inflammatory language, and attorney argument to which no response is required.

To the extent that a response is required, HSBC denies that it engaged in predatory

or discriminatory subprime mortgage lending or improperly utilized MERS to

"obfuscate" origination, purchase, assignment, or foreclosure activity, as alleged in

Paragraph 205 of the Complaint.  HSBC states that it has not been provided with

sufficient information upon which to form a belief as to the truth or falsity of the

remaining ill-defined, unsupported allegations in Paragraph 205 of the Complaint

and, therefore, must deny the allegations.

206.   This paragraph contains general and unsupported factual assertions,

inflammatory language, and attorney argument to which no response is required.

To the extent that a response is required, HSBC denies that it engaged in predatory

or discriminatory mortgage lending and foreclosure activity, as alleged in

Paragraph 206 of the Complaint.  HSBC states that it has not been provided with

sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 206 of the Complaint and, therefore, must deny the allegations.

207.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized, ill-defined, and unsupported allegations in Paragraph 207 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

208.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 208 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

209.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized, ill-defined, and unsupported allegations contained in Paragraph 209 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

210.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized, ill-defined, and unsupported allegations contained in Paragraph 210 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

211.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory

or discriminatory lending or improper mortgage foreclosure processes, as alleged in Paragraph 211 of the Complaint.  HSBC further denies that MERS improperly "obscures" or "conceal[s]" its foreclosure practices.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining generalized, ill-defined, and unsupported allegations in Paragraph 211 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

212.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory and discriminatory lending practices, as alleged in Paragraph 212 of the Complaint. HSBC further denies that MERS improperly "obfuscate[es]" HSBC's lending practices and denies engaging in any predatory or discriminatory loan activity. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 212 of the Complaint and, therefore, must deny the allegations.

213.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 213 of the Complaint and, therefore, must deny the allegations.

214.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in discriminatory servicing practices, as alleged in Paragraph 214 of the Complaint.  HSBC further denies that unrelated proceedings provide factual support for the allegations of unlawful conduct in the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 214 of the Complaint and, therefore, must deny the allegations.

215.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that unrelated proceedings provide factual support for the allegations of unlawful conduct in the Complaint.  HSBC states that

it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 215 of the Complaint and, therefore, must deny the allegations.

216.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in a predatory and discriminatory mortgage lending scheme, as alleged in Paragraph 216 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 216 of the Complaint and, therefore, must deny the allegations.

217.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 217 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

218.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 218 of the Complaint and, therefore, must deny the allegations.

219.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 219 of the Complaint and, therefore, must deny the allegations.

220.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 220 of the Complaint and, therefore, must deny the allegations.

221.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 221 of the Complaint and, therefore, must deny the allegations.

222.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 222 of the Complaint and, therefore, must deny the allegations.

223.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory mortgage lending activity, as alleged in Paragraph 223 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported

allegations in Paragraph 223 of the Complaint and, therefore, must deny the allegations.

224.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in mortgage lending with deliberate indifference to its legality or propriety, as alleged in Paragraph 224 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 224 of the Complaint and, therefore, must deny the allegations.

225.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 225 of the Complaint and, therefore, must deny the allegations.

226.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 226 of the Complaint and, therefore, must deny the allegations.

227.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 227 of the Complaint and, therefore, must deny the allegations.

228.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 228 of the Complaint and, therefore, must deny the allegations.  HSBC specifically denies that selectively-quoted portions of securities filings provide factual support for the allegations of unlawful conduct in the Complaint.

229.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies that it engaged in predatory and discriminatory lending activity, as alleged in Paragraph 229 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 229 of the Complaint and, therefore, must deny the allegations.

230.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it "knew the predatory and discriminatory nature of . . . loans underlying their securitizations," as alleged in Paragraph 230 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 230 of the Complaint and, therefore, must deny the allegations.

231.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 231 of the Complaint and, therefore, must deny the allegations.

232.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 232 of the Complaint and, therefore, must deny the allegations.

233.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 233 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

234.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized, ill-defined, unsupported allegations in Paragraph 234 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC,

and specifically deny the allegations to the extent they are intended to refer to HSBC.

235.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it created securitization vehicles in order to conceal risk or skirt regulatory oversight and minimum regulatory capital requirements, as alleged in Paragraph 235 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 235 of the Complaint and, therefore, must deny the allegations.

236.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 236 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

237.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a

response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the ill-defined,

unsupported allegations in Paragraph 237 of the Complaint and, therefore, must

deny the allegations, which are not specifically directed at HSBC, and specifically

deny the allegations to the extent they are intended to refer to HSBC.

238.   This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the ill-defined,

unsupported allegations in Paragraph 238 of the Complaint and, therefore, must

deny the allegations.

239.   This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies that it provided predatory and discriminatory

access to credit, as alleged in Paragraph 239 of the Complaint.  HSBC further

denies that it "abandoned" borrowers who "relied on continuing access" to such

credit or failed properly to provide loan servicing.  HSBC states that it has not been

provided with sufficient information upon which to form a belief as to the truth or

falsity of the remaining ill-defined, unsupported allegations in Paragraph 239 of the Complaint and, therefore, must deny the allegations.

240. This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that unrelated proceedings provide factual support for the allegations of unlawful conduct in the Complaint. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 240 of the Complaint and, therefore, must deny the allegations.

241. This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in predatory and discriminatory lending activity, including predatory and discriminatory equity stripping lending practices, as alleged in Paragraph 241 of the Complaint. HSBC further denies that unrelated proceedings provide factual support for the allegations of unlawful conduct in the Complaint. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 241 of the Complaint and, therefore, must deny the allegations.

242.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory subprime mortgage lending, as alleged in Paragraph 242 of the Complaint.  HSBC further denies that it attempted "to conceal and shift the risk" of its activities and that it "caused the financial crisis, economic downturn and increased unemployment rates."  HSBC further denies that it caused any injury to Plaintiffs due to predatory and discriminatory lending.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 241 of the Complaint and, therefore, must deny the allegations.

243.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations in Paragraph 243 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

244.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 244 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

245.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 245 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

246.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it unlawfully steered minority borrowers qualified for prime loans into high cost loans or otherwise engaged in predatory or discriminatory lending practices, as alleged in Paragraph 246 of the Complaint.

HSBC avers that insofar as minority borrowers in Plaintiffs' communities and neighborhoods make mortgage payments that are comparatively higher than white borrowers or experience higher rates of mortgage loan delinquencies, defaults, foreclosures, and/or home vacancies, which HSBC does not admit, any such concentrations are not the result of unlawful discrimination by HSBC. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 246 of the Complaint and, therefore, must deny the allegations.

247.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it unlawfully steered minority borrowers qualified for prime loans into high cost loans, approved unqualified minority borrowers for loans, inflated loan costs or amounts to minority borrowers, or otherwise engaged in predatory or discriminatory lending practices, as alleged in Paragraph 247 of the Complaint. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 247 of the Complaint and, therefore, must deny the allegations.

110

248.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory lending activity, as alleged in Paragraph 248 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 248 of the Complaint and, therefore, must deny the allegations.

249.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it unlawfully steered minority borrowers qualified for prime loans into higher cost loans than those for which they were qualified or otherwise engaged in predatory or discriminatory lending practices, as alleged in Paragraph 249 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 249 of the Complaint and, therefore, must deny the allegations.

250.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 250 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

251.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory lending practices, as alleged in Paragraph 251 of the Complaint.  HSBC further denies that it "de-stabilized U.S. and global credit markets and, in turn, brought down the economy." HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 251 of the Complaint and, therefore, must deny the allegations.

252.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 252 of the Complaint and, therefore, must deny

these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

253.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 253 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

254.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 254 of the Complaint.  HSBC specifically denies that selectively-quoted portions of securities filings provide factual support for the allegations of unlawful conduct in the Complaint.

255.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 255 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

256.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 256 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

257.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 257 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

258.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 258 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

259.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 259 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

260.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory or discriminatory lending practices, as alleged in Paragraph 260 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as

to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 260 of the Complaint and, therefore, must deny the allegations.

261.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory and discriminatory lending or servicing practices, as alleged in Paragraph 261 of the Complaint. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 261 of the Complaint and, therefore, must deny the allegations.

262.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 262 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

263.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a

response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 263 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

264.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 264 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

265.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 265 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

266.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 266 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

267.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that delinquency, default, and foreclosure rates in the Counties' majority-minority census tracts were caused by unlawful discrimination by HSBC.  HSBC avers that insofar as mortgage loans made to minority borrowers in the Counties were more likely to result in delinquency, default, and foreclosure than mortgage loans made to white borrowers, which HSBC does not admit, such delinquencies, defaults, and foreclosures were not the result of unlawful discrimination by HSBC.  HSBC further avers that its foreclosures in the Counties are consistent, in geographic location, with those of other lenders.

268.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 268 of the Complaint and, therefore, must deny the allegations.  HSBC avers that insofar as the location of properties securing loans made to minority borrowers correlates with the Counties' "foreclosure risk areas," which it does not admit, these concentrations are the result of legitimate factors and not the result of unlawful discrimination by HSBC. HSBC further avers that its foreclosures in the Counties are consistent, in geographic location, with those of other lenders.

269.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 269 of the Complaint and, therefore, must deny the allegations.  HSBC avers that insofar as the location of properties securing loans made to minority borrowers correlates with the Counties' "highest foreclosure risk census tracks [*sic*]," which it does not admit, these concentrations

are the result of legitimate factors and not the result of unlawful discrimination by HSBC.  HSBC further avers that its foreclosures in the Counties are consistent, in geographic location, with those of other lenders.

270.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory subprime lending activities in Plaintiffs' communities and neighborhoods or that its foreclosures reflect discriminatory treatment or disparate impact on minority borrowers, as alleged on Paragraph 270 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 270 of the Complaint and, therefore, must deny the allegations.

271.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in the predatory and discriminatory actions alleged in Paragraph 271 of the Complaint.  HSBC avers that inasmuch as minority borrowers in Plaintiffs' communities and neighborhoods have experienced greater foreclosure rates than white borrowers, which it does not admit, such rates are not the result of unlawful discrimination by HSBC.  HSBC

further avers that its foreclosures in the Counties are consistent, in geographic location, with those of other lenders.

272.   This paragraph contains general and unsupported factual assertions, legal conclusions, and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory or discriminatory lending practices or that it services "outstanding predatory and discriminatory loans at issue here," as alleged in Paragraph 272 of the Complaint. HSBC further denies that the statute of limitations in this action "has not yet begun to run."  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 272 of the Complaint and, therefore, must deny the allegations.

273.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 273 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

274. This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 274 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

275. This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 275 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

276. This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 276 of the Complaint and, therefore, must

deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

277.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 277 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

278.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it is either indifferent to or incentivized to cause borrower delinquencies, defaults, home vacancies, or foreclosures.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 278 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

279.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 279 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

280.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 280 of the Complaint and, therefore, must deny the allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

281.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory or discriminatory mortgage loan servicing or lending, as alleged in Paragraph 281 of the Complaint. HSBC states that it has not been provided with sufficient information upon which

to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 281 of the Complaint and, therefore, must deny the allegations.

282. This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in the purported predatory and discriminatory lending practices enumerated in Paragraph 282 of the Complaint. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 282 of the Complaint and, therefore, must deny the allegations.

283. This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in discriminatory mortgage servicing practices, as alleged in Paragraph 283 of the Complaint. HSBC further denies that it discriminatorily made high cost loans to minority borrowers or improperly charged such borrowers inflated mortgage servicing and foreclosure related fees and costs. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining

ill-defined, unsupported allegations in Paragraph 283 of the Complaint and, therefore, must deny the allegations.

284.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory or discriminatory mortgage lending or servicing practices, as alleged in Paragraph 284 of the Complaint.  HSBC avers that inasmuch as Plaintiffs' communities and neighborhoods with higher percentages of FHA protected minorities have experienced greater or disproportionate rates of delinquencies, defaults, home vacancies, and/or foreclosures, which it does not admit, they are not the result of unlawful discrimination by HSBC.  HSBC further avers that its foreclosures in the Counties are consistent, in geographic location, with those of other lenders.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 284 of the Complaint and, therefore, must deny the allegations.

285.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 285 of the Complaint and, therefore, must deny the allegations.

286.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 286 of the Complaint and, therefore, must deny the allegations.

287.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 287 of the Complaint and, therefore, must deny the allegations.

288.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined,

unsupported allegations in Paragraph 288 of the Complaint and, therefore, must deny the allegations.

289.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that unrelated proceedings provide factual support for the allegations of unlawful conduct in the Complaint.   HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 289 of the Complaint and, therefore, must deny the allegations.

290.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that unrelated proceedings provide factual support for the allegations of unlawful conduct in the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 290 of the Complaint and, therefore, must deny the allegations.

291.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that unrelated proceedings

provide factual support for the allegations of unlawful conduct in the Complaint.

HSBC states that it has not been provided with sufficient information upon which

to form a belief as to the truth or falsity of the remaining ill-defined, unsupported

allegations in Paragraph 291 of the Complaint and, therefore, must deny the

allegations.

292.   This paragraph contains general and unsupported factual assertions,

inflammatory language, and attorney argument to which no response is required.

To the extent that a response is required, HSBC denies that it engaged in predatory

and discriminatory mortgage lending and servicing practices, as alleged in

Paragraph 292 of the Complaint.  HSBC avers that insofar as communities and

neighborhoods in the Counties with higher percentages of minority borrowers have

experienced higher rates of mortgage delinquencies, defaults, and home

foreclosures as compared to other communities and neighborhoods, which HSBC

does not admit, such concentrations are not the result of unlawful racial

discrimination by HSBC.  HSBC states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the remaining

ill-defined, unsupported allegations in Paragraph 292 of the Complaint and,

therefore, must deny the allegations.

293.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 293 of the Complaint and, therefore, must deny the allegations.  HSBC specifically denies that any disclosures in its securities filings support any allegation of wrongdoing.

294.   This paragraph contains general and unsupported factual assertions, legal conclusions, and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory and discriminatory mortgage lending practices, as alleged in Paragraph 294 of the Complaint.  HSBC further denies that the "injury" alleged in the Complaint is the result of unlawful discrimination by HSBC.  HSBC avers that the Counties are seeking redress in the Complaint for injuries caused by personal circumstances impacting individual borrowers which are unrelated to HSBC's lending practices, complex socioeconomic factors that have impacted the Counties for decades, and their own policies and practices.

295.   This paragraph contains general and unsupported factual assertions, inflammatory language, legal conclusions, and attorney argument to which no

response is required.  To the extent that a response is required, HSBC denies that it engaged in illegal discriminatory conduct, as alleged in Paragraph 295 of the Complaint.  HSBC further denies that it has caused injuries to the Counties, including with respect to municipal expenditures, reduced property values, lost property tax revenue, lost municipal utility and other tax revenues, or lost recording fees.  HSBC avers that the Counties are seeking redress in the Complaint for injuries caused by personal circumstances impacting individual borrowers which are unrelated to HSBC's lending practices, complex socioeconomic factors that have impacted the Counties for decades, and their own policies and practices. HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 295 of the Complaint and, therefore, must deny the allegations.

296.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it caused injury to the Counties, as alleged in Paragraph 296 of the Complaint.  HSBC avers that the Counties are seeking redress in the Complaint for injuries caused by personal circumstances impacting individual borrowers which are unrelated to HSBC's lending practices, complex

socioeconomic factors that have impacted the Counties for decades, and their own policies and practices.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 296 of the Complaint and, therefore, must deny the allegations.

297.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 297 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

298.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 298 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

299.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 299 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

300.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory subprime mortgage lending, as alleged in Paragraph 300 of the Complaint.  HSBC further denies that it has caused injuries to the Counties, including with respect to municipal expenditures.  HSBC further avers that the Counties have set forth no allegations that vacant foreclosure and pre-foreclosure properties would be occupied but for the unlawful conduct alleged in the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 300 of the Complaint and, therefore, must deny the allegations.

301.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it has caused injuries to the Counties, including with respect to municipal expenditures, as alleged in Paragraph 301 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining generalized allegations contained in Paragraph 301 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

302.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it did not properly record transfers and assignments of mortgage loans, as alleged in Paragraph 302 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 302 of the Complaint and, therefore, must deny the allegations.

303.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it has caused injuries to the Counties, including with respect to municipal expenditures, as alleged in Paragraph 303 of the Complaint.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining generalized allegations contained in Paragraph 303 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

304.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in discriminatory and predatory lending practices, as alleged in Paragraph 304 of the Complaint.  HSBC further denies that the injuries alleged in the Complaint are the result of unlawful discrimination by HSBC.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 304 of the Complaint and, therefore, must deny the allegations.

305.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in discriminatory and predatory lending practices, as alleged in Paragraph 305 of the Complaint.  HSBC further denies that the injuries alleged in the Complaint, including lost property tax revenues, are the result of unlawful discrimination by HSBC.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 305 of the Complaint and, therefore, must deny the allegations.

306.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in discriminatory and predatory lending practices, as alleged in Paragraph 306 of the Complaint.  HSBC further denies that the injuries alleged in the Complaint, including lost property tax revenue, are the result of unlawful discrimination by HSBC.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 306 of the Complaint and, therefore, must deny the allegations.

307.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 307 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

308.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory lending activities, as alleged in Paragraph 308 of the Complaint.  HSBC further denies that the injury alleged in the Complaint, including a decline in the Counties' tax digests, is the result of unlawful discrimination by HSBC.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 308 of the Complaint and, therefore, must deny the allegations.

309.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory lending activities,

as alleged in Paragraph 309 of the Complaint.  HSBC further denies that it caused

the foreclosure crisis and that the injuries alleged in the Complaint, including a

decline in the Counties' tax digests, are the result of unlawful discrimination by

HSBC.  HSBC states that it has not been provided with sufficient information upon

which to form a belief as to the truth or falsity of the remaining ill-defined,

unsupported allegations in Paragraph 309 of the Complaint and, therefore, must

deny the allegations.

310.   This paragraph contains general and unsupported factual assertions,

legal conclusions, and attorney argument to which no response is required.  To the

extent that a response is required, HSBC denies the allegations in Paragraph 310 of

the Complaint.

311.   This paragraph contains general and unsupported factual assertions

and attorney argument to which no response is required.  To the extent that a

response is required, HSBC denies that it engaged in discriminatory and predatory

subprime mortgage lending practices, as alleged in Paragraph 311 of the

Complaint.  HSBC further denies that the injuries alleged in the Complaint,

including frustration of the purposes and missions of the Counties' Housing

Authorities, are the result of unlawful discrimination by HSBC.  HSBC states that

it has not been provided with sufficient information upon which to form a belief as

to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 311 of the Complaint and, therefore, must deny the allegations.

312.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory subprime lending, as alleged in Paragraph 312 of the Complaint.  HSBC further denies that the injuries alleged in the Complaint are the result of unlawful discrimination by HSBC.  HSBC avers that the Counties are seeking redress in the Complaint for injuries caused by personal circumstances impacting individual borrowers which are unrelated to HSBC's lending practices, complex socioeconomic factors that have impacted the Counties for decades, and their own policies and practices.

313.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 313 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

314.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 314 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

315.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 315 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

316.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory and discriminatory mortgage lending practices, as alleged in Paragraph 316 of the Complaint.  HSBC further denies that the injuries alleged in the Complaint are the result of unlawful

discrimination by HSBC. HSBC avers that the Counties are seeking redress in the Complaint for injuries caused by personal circumstances impacting individual borrowers which are unrelated to HSBC's lending practices, complex socioeconomic factors that have impacted the Counties for decades, and their own policies and practices.

317. This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 317 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC.

318. This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, HSBC denies that it engaged in high cost predatory and discriminatory mortgage lending, as alleged in Paragraph 318 of the Complaint. HSBC further denies that the injuries alleged in the Complaint are the result of unlawful discrimination by HSBC. HSBC avers that the Counties are seeking redress in the Complaint for injuries caused by personal circumstances impacting

individual borrowers which are unrelated to HSBC's lending practices, complex socioeconomic factors that have impacted the Counties for decades, and their own policies and practices.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 318 of the Complaint and, therefore, must deny the allegations.

319.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory and discriminatory mortgage lending practices, or "obfuscated and concealed" such practices, as alleged in Paragraph 319 of the Complaint.  HSBC further denies that the injuries alleged in the Complaint are the result of unlawful discrimination by HSBC.  HSBC avers that the Counties are seeking redress in the Complaint for injuries caused by personal circumstances impacting individual borrowers which are unrelated to HSBC's lending practices, complex socioeconomic factors that have impacted the Counties for decades, and their own policies and practices.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported

allegations in Paragraph 319 of the Complaint and, therefore, must deny the allegations.

320.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that it engaged in predatory subprime lending practices, as alleged in Paragraph 320 of the Complaint.  HSBC further denies that the injuries alleged in the Complaint, including municipal expenditures and lost tax and utility revenue, are the result of unlawful discrimination by HSBC.  HSBC avers that the Counties are seeking redress in the Complaint for injuries caused by personal circumstances impacting individual borrowers which are unrelated to HSBC's lending practices, complex socioeconomic factors that have impacted the Counties for decades, and their own policies and practices.  HSBC states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 320 of the Complaint and, therefore, must deny the allegations.

321.   This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, HSBC denies that the injuries alleged in the Complaint are the result of unlawful discrimination by HSBC.  HSBC states that it has not been

provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 321 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at HSBC, and specifically deny the allegations to the extent they are intended to refer to HSBC. HSBC avers that the Counties are seeking redress in the Complaint for injuries caused by personal circumstances impacting individual borrowers which are unrelated to HSBC's lending practices, complex socioeconomic factors that have impacted the Counties for decades, and their own policies and practices.

322. HSBC incorporates by reference the admissions, responses, averments, and denials set forth in Paragraphs 1 through 321 of the Complaint.

323. The allegations in Paragraph 323 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, HSBC specifically denies each and every allegation contained in Paragraph 323 of the Complaint.

324. The allegations in Paragraph 324 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, HSBC specifically denies each and every allegation contained in Paragraph 324 of the Complaint.

325.   The allegations in Paragraph 325 constitute conclusions of law to which no response is required.  To the extent a response is required, HSBC specifically denies each and every allegation contained in Paragraph 325 of the Complaint.

326.   The allegations in Paragraph 326 constitute conclusions of law to which no response is required.  To the extent a response is required, HSBC specifically denies each and every allegation contained in Paragraph 326 of the Complaint.

327.   The allegations in Paragraph 327 constitute conclusions of law to which no response is required.  To the extent a response is required, HSBC specifically denies each and every allegation contained in Paragraph 327 of the Complaint.

328.   The allegations in Paragraph 328 constitute conclusions of law to which no response is required.  To the extent a response is required, HSBC specifically denies each and every allegation contained in Paragraph 328 of the Complaint.

329.   The allegations in Paragraph 329 constitute conclusions of law to which no response is required.  To the extent a response is required, HSBC

specifically denies each and every allegation contained in Paragraph 329 of the Complaint.

330.    The allegations in Paragraph 330 constitute conclusions of law to which no response is required.  To the extent a response is required, HSBC specifically denies each and every allegation contained in Paragraph 330 of the Complaint.

331.    The allegations in Paragraph 331 constitute conclusions of law to which no response is required.  To the extent a response is required, HSBC specifically denies each and every allegation contained in Paragraph 331 of the Complaint.

332.    The allegations in Paragraph 332 constitute conclusions of law to which no response is required.  To the extent a response is required, HSBC specifically denies each and every allegation contained in Paragraph 332 of the Complaint.

333.    The allegations in Paragraph 333 constitute conclusions of law to which no response is required.  To the extent a response is required, HSBC specifically denies each and every allegation contained in Paragraph 333 of the Complaint.

334.   The allegations in Paragraph 334 constitute conclusions of law to which no response is required.  To the extent a response is required, HSBC specifically denies each and every allegation contained in Paragraph 334 of the Complaint.

335.   The allegations in Paragraph 335 constitute conclusions of law to which no response is required.  To the extent a response is required, HSBC specifically denies each and every allegation contained in Paragraph 335 of the Complaint.

336.   This paragraph contains no allegations directed at HSBC and thus does not call for any answer from HSBC.

337.   HSBC admits that Plaintiffs seek the relief set forth in the Prayer for Relief, but specifically denies that Plaintiffs are entitled to any relief, including but not limited to the relief sought in subparts (1) through (6) of the Prayer for Relief. HSBC further denies that this Court is authorized to grant such relief.

338.   HSBC denies any and all remaining allegations of the Complaint that may be read as being made against HSBC, but do not specifically identify HSBC.

339.   HSBC denies each allegation of the Complaint not specifically admitted herein.

**WHEREFORE**, HSBC respectfully requests that:

(1)     A judgment be entered in its favor against the Counties, dismissing all

claims in the Complaint with prejudice and awarding HSBC its costs

and expenses, including its reasonable attorneys' fees; and

(2)     The Court grant HSBC such other and further relief as the Court

deems appropriate.

Dated: October 23, 2013                     Respectfully submitted,

/s/ Therese G. Franzén
Therese G. Franzén (Bar No. 492367)
D. Sharmin Arefin (Bar No. 511388)
FRANZÉN AND SALZANO, P.C.
40 Technology Parkway South, Suite 202
Norcross, Georgia 30092-2906
(770) 248-2885 (Telephone)
(770) 248-2883 (Facsimile)
tfranzen@franzen-salzano.com
sarefin@franzen-salzano.com

Andrew L. Sandler (*pro hac vice*)
Valerie L. Hletko *(pro hac vice)*
Mark E. Rooney *(pro hac vice)*
BUCKLEYSANDLER LLP
1250 24th St. NW, Suite 700
Washington, D.C.  20037
(202) 349-8000 (Telephone)
(202) 349-8080 (Facsimile)
asandler@buckleysandler.com
vhletko@buckleysandler.com
mrooney@buckleysandler.com
*Attorneys for Defendants*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1(D)</u>

I hereby certify that the foregoing brief was prepared using Times New Roman 14 point font, in accordance with Local Rule 5.1(C).

<u>/s/ Therese G. Franzén</u>

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEKALB COUNTY, FULTON COUNTY, and COBB COUNTY, GEORGIA, )<br><br>Plaintiffs, )<br><br>v. )<br><br>HSBC NORTH AMERICA HOLDINGS INC., ET AL., )<br><br>Defendants. ) | CIVIL CASE NO.:<br>1:12-cv-03640-SCJ |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I electronically filed the foregoing Answer and Affirmative Defenses using this Court's ECF System, which will automatically send email notification to the following attorneys of record for all parties:

| | |
|---|---|
| Darren W. Penn | Hezekiah Sistrunk, Jr. |
| darren@hpllegal.com | hez@sistrunklaw.com |
| David James Worley | Jane Lamberti Sams |
| david@hpllegal.com | jls@sistrunklaw.com |
| J. Antonio DelCampo | Shean DeCarlos Williams |
| tony@hpllegal.com | sdw@sistrunklaw.com |
| James M. Evangelista | Jeffrey Emery Tompkins |
| jim@hpllegal.com | j.tompkins@tkstlaw.com |
| Jeffrey R. Harris | Thomas G. Sampson |
| jeff@hpllegal.com | t.sampson@tkstlaw.com |

Respectfully submitted this 23rd day of October, 2013.

**FRANZÉN AND SALZANO, P.C.**

/s/ Therese G. Franzén
Therese G. Franzén
Georgia Bar No. 492367

40 Technology Parkway South, Suite 202
Norcross, Georgia 30092-2906
(770) 248-2885 (Telephone)
(770) 248-2883 (Facsimile)
tfranzen@franzen-salzano.com
*Counsel for Defendants*