**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DEKALB COUNTY, FULTON COUNTY, and COBB COUNTY, GEORGIA, )))) | |
| Plaintiffs, ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 1:12-CV-03640-SCJ |
| HSBC NORTH AMERICA HOLDINGS INC., ET AL., )) | |
| Defendants. ) | |

## <u>PLAINTIFF COBB COUNTY'S  INITIAL DISCLOSURES</u>

These Initial Disclosures are based upon information presently known to Plaintiff, and are made without prejudice to subsequent amendments hereto or to the production during discovery, or at trial, of such additional information, documentation, or data that are subsequently collected, discovered and/or determined to be relevant based on the parties' ongoing investigation and/or evaluation of the allegations in the complaint.

Plaintiff does not identify documents protected from disclosure by any applicable privilege.  Nor does Plaintiff waive the right to object to Defendants' discovery requests on any basis.  Plaintiff expressly reserves the right to amend or

1

supplement these Initial Disclosures. Indeed, because Plaintiff has been advised that Defendants intend to seek bifurcated discovery and an extension of time to serve initial disclosures, Plaintiff will supplement this disclosure at the appropriate time.

Plaintiff provides its initial disclosures under Federal Rule of Civil Procedure 26(a) and Civil Local Rule 26.1 as follows:

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendants did or failed to do, and a succinct statement of the legal issues in the case.**

Plaintiffs are several county governments within the Atlanta, Georgia, Metropolitan Statistical Area ("MSA").  Defendants are various entities owned and/or operated by defendant HSBC North America Holdings Inc. (collectively, "HSBC").

This action seeks damages and injunctive relief for defendants' alleged violations of Sections 804 and 805 of the Fair Housing Act ("FHA"), 42 U.S.C. §§3604 & 3605, arising from defendants' alleged continuing, predatory and discriminatory "equity stripping" scheme that involved the "steering" and targeting of minority borrowers in Plaintiffs' communities for predatory and high cost mortgage loans, including through "reverse redlining."

2

Plaintiffs allege that HSBC, through, its various subsidiaries and operating entities, originated or funded predatory high cost, subprime, and/or ALT-A mortgage loans (including primary, secondary and home equity loans) within Plaintiffs' communities, securitized and sold many of those loans, and continued to service such loans, earning fees from each of these activities. The complaint alleges that HSBC intentionally targeted and/or steered FHA protected minority homeowners (predominantly African-American and Hispanic homeowners) for such mortgage loans on terms more unfavorable (e.g., increased interest rates, points, and fees) than similar loans made to Caucasian borrowers, and without regard to minority borrowers' ability to repay such loans. The complaint further alleges that, through company-wide policies and practices, HSBC incentivized its employees (and third party lenders that HSBC provided wholesale funding for) to make such loans to minorities while knowing that many of the loans were destined to fail because of the high cost and predatory terms of the loans themselves, and HSBC's wilfully lax underwriting practices. The complaint also alleges that HSBC engaged in a variety of activities that concealed its predatory lending and servicing practices, including the circumvention of Plaintiffs' public lien holder recording processes. Finally, Plaintiffs allege that their communities were damaged as a result of the inevitable foreclosures and abandonment of homes where HSBC

made or serviced predatory mortgage loans, as these are the last elements of

HSBC's "equity striping" scheme.

The primary legal issues in the case are:

- Whether HSBC operated as a single and common enterprise, through various corporate entities and based on centralized marketing, underwriting and credit policies, to implement and conduct its predatory, discriminatory, equity stripping mortgage lending scheme?;

- Whether HSBC's predatory, high cost, mortgage lending and mortgage loan servicing activities, including its foreclosure practices, constitute a pattern or practice of discriminatory conduct and a continuing violation of federal law?; and

- Whether HSBC's acts, policies, and practices relating to its alleged predatory, high cost, mortgage lending and mortgage loan servicing activities violated provisions of the Fair Housing Act set forth in 42 U.S.C. § 3604(a) & (c), and 42 U.S.C. § 3605.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

Among other things, Plaintiff's allegations invoke the following statutes,

doctrines and illustrative case law:

- 42 U.S.C. § 3604(a) & (c);
- 42 U.S.C. § 3605;
- *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91 (1979);
- *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992);
- *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977);
- *Hargraves v. Capital City Mortgage Corp.*, 140 F.Supp. 2d 7 (D. D.C. 2000);
- *Trafficante v. Metro. Life Ins. Co.,* 409 U.S. 205 (1972);

4

- *Steed v. EverHome Mortg. Co.*, 477 F. App'x 722 (11th Cir. 2012);
- *Havens Realty Corp. v. Coleman,* 455 U.S. 363 (1982);
- *Cleveland v. Sec'y of Treasury*, 407 F. App'x 386 (11th Cir. 2011);
- Provisions of the Code of Federal Regulations interpreting the Fair Housing Act, including 24 C.F.R. §100.120
- 42 U.S.C. §3613;
- *Options Ctr. for Indep. Living v. G & V Dev. Co.*, 229 F.R.D. 149 (C.D. Ill. 2005);
- *Samaritan Inns, Inc. v. Dist. of Columbia*, 114 F.3d 1227 (D.C. Cir. 1997);
- The continuing violation doctrine;
- *Barrett v. H & R Block, Inc.,* 652 F.Supp. 2d 104 (D. Mass. 2009);
- *Ramirez v. GreenPoint Mortg. Funding, Inc.*, 633 F. Supp. 2d 922 (N.D. Cal. 2008);
- *Miller v. Countrywide Bank, N.A.*, 571 F.Supp. 2d 251 (D. Mass. 2008);
- *Taylor v. Accredited Home Lenders, Inc.*, 580 F.Supp. 2d 1062 (S.D. Cal. 2008)
- *Fair Housing Council, Inc. v. Village of Olde St. Andrews,* 210 Fed. Appx. 469 (6th Cir. 2006);
- *Nat'l Fair Housing Alliance v. A.G. Spanos Constr., Inc.,* 542 F. Supp. 2d 1054 (N.D.Cal.2008);
- *Equal Rights Ctr. v. Camden Prop. Trust*, CIV. PJM07-2357, 2008 WL 8922896 at *8-10 (D. Md. Sept. 22, 2008);
- *Smith v. City of Jackson*, 544 U.S. 228 (2005);
- *Hallmark Developers, Inc. v. Fulton County, GA*, 466 F.3d 1276 (11th Cir. 2006);
- *Guerra v. GMAC LLC*, No. 08-CV-1297, 2009 WL 449153, *2-5 (E.D. Pa. Feb. 20, 2009);
- *Laufman v. Oakley Bldg. & Loan Co.*, 408 F. Supp. 489 (S.D. Ohio 1976);
- *Sec'y, U.S. Dept. of Hous. & Urban Dev., on Behalf of Herron v. Blackwell*, 908 F.2d 864 (11th Cir. 1990);
- *Ring v. First Interstate Mortg., Inc.*, 984 F.2d 924 (8th Cir. 1993);
- *Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248 (1981);
- *Lincoln v. Case*, 340 F.3d 283 (5th Cir. 2003);
- *Tyus v. Urban Search Management*, 102 F.3d 256 (7th Cir 1996);
- *Davis v. Lane Mgmt., LLC*, 524 F. Supp. 2d 1375 (S.D. Fla. 2007);
- *Smith v. Wade*, 461 U.S. 30, 51 (1983)), *rehg' denied, cert. denied,* 520 U.S. 1251 (1997);

- *Ferrill v. Parker Group, Inc.* 168 F.3d 468 (11th Cir.1999);
- The doctrine of equitable tolling;
- *Holmberg v. Armbrecht,* 327 U.S. 392 (1945);
- *Morton's Mkt., Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823 (11th Cir. 1999) *amended in part,* 211 F.3d 1224 (11th Cir. 2000);
- *Price v. Countrywide Home Loans, Inc.*, No. CV205-015, 2005 WL 2354348 (S.D. Ga. Sept. 26, 2005);
- *Barkley v. Olympia Mortgage, Co.*, Nos. 04 CV 875, et al, 2007 WL 2437810, at *16-17 (E.D. N.Y. Aug. 22, 2007); and
- *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256 (11th Cir. 1997).

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

The individuals likely to have discoverable information to support Plaintiff's liability and damage claims include the employees, managers and officers employed by HSBC's various operating entities, as well as the department heads or their designees in each of the following departments or political subdivisions of Plaintiff to the extent such department exists: Clerk of Superior Court, Code Enforcement, County Manager/CEO, Economic Development, Finance, Fire, Geographic Information Services, Housing Authority, Police, Tax Commissioner, Tax Appraiser, Tax Assessor, and Water & Sewer Authority.  The identification of the individual department heads and their addresses are publicly available.

However, each such individual should be contacted through Plaintiff's counsel at the address listed below.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Plaintiff will offer expert testimony on liability and damages in support of their claims. Because this action is still at the pleading stage, it is premature at this time to provide the names of experts, or the substance of their opinions.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Documents and materials relevant to this action that are in the possession, custody or control of Plaintiff includes various business records and public records, including records in both hard copy and electronic form, maintained by Plaintiff's various departments and/or political subdivisions identified above. Plaintiff expects to gather and produce substantial documentation in discovery.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered,**

7

**making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Plaintiff estimates that the damages due to Defendant's alleged wrongdoing injured Plaintiffs in excess of $100 million.  Plaintiff also seeks punitive damages, attorneys' fees, and costs as may be allowed pursuant to the provisions of the Fair Housing Act. The support for these damages are within the documents, e.g., hard copy and electronic business records, maintained by Plaintiffs and Defendants, and also will be supported by expert testimony.

**(7) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Not applicable.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

None known.

Dated:   November 22, 2013

Respectfully submitted,

By: /s/ James M. Evangelista
Jeffrey R. Harris (GA Bar 330315)

8

Darren W. Penn (GA Bar 571322)
James M. Evangelista (GA Bar 707807)
David J. Worley (GA Bar 776665)
HARRIS PENN LOWRY, LLP
400 Colony Square, Suite 900
1201 Peachtree Street, NE
Atlanta, GA  30361
Phone: (404)961-7650
Fax: (404)961-7651

Hezekiah Sistrunk, Jr. (GA Bar 649413)
Jane Lamberti Sams (GA Bar 432025)
Shean D. Williams (GA Bar 764139)
COCHRAN, CHERRY, GIVENS, SMITH,
SISTRUNK and SAMS P.C.
127 Peachtree Street
Atlanta, GA 30303
(404) 222-9922
(404) 222-0170

*Co-Counsel for Plaintiffs DeKalb County, Fulton County & Cobb County, Georgia*

Thomas G. Sampson, Sr. (GA Bar 623600)
Jeffrey E. Tompkins (GA Bar 714608)
THOMAS KENNEDY SAMPSON &
TOMPKINS LLP
3355 Main Street
Atlanta, Georgia 30337
(404) 688-4503 (phone)
(404) 761-3224 (fax)

*Additional Co-Counsel for Plaintiff Fulton County, Georgia*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the above and foregoing PLAINTIFF COBB COUNTY'S INITIAL DISCLOSURES on all parties by causing a true and correct copy to be filed with the court's electronic filing system, which should automatically send a copy to all counsel of record.

Dated:  November 22, 2013          /s/ James M. Evangelista
                                    James M. Evangelista