UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| DEKALB COUNTY, FULTON COUNTY, ) and COBB COUNTY, GEORGIA, ) ) Plaintiffs, ) ) v. ) ) HSBC NORTH AMERICA HOLDINGS ) INC., ET AL., ) ) Defendants. ) | CIVIL CASE NO.: 1:12-cv-03640-SCJ |

## [~~PROPOSED~~] ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL AND INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

Whereas, the parties have stipulated that certain discovery material be treated as confidential and that certain provisions of Fed. R. Evid. 502 be incorporated in an order;

Accordingly, it is this 7th day of February, 2014, by the United States District Court for the Northern District of Georgia, ORDERED:

1. Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to

Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) With respect to hard copy documents, the designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." Insofar as electronic documents are designated as confidential, the media (e.g. disc, USB drive, etc.) on which the documents are transmitted shall be affixed with the word "CONFIDENTIAL" and the electronic documents, themselves, shall be electronically affixed with the word "CONFIDENTIAL," to the extent possible. Documents provided electronically also may be password protected or encrypted. The password or encryption key will be transmitted to the party receiving the electronic documents by separate communication, and to the Court as necessary.

(b) One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains personally identifiable, financial, or credit information relating to mortgagees; other sensitive personal information, including but not limited to information enumerated in the Court's Standing Order 04-02; non-publicly available municipal records and information exempt from open records requests and sunshine laws; or sensitive, non-publicly

available, proprietary, commercial information, the disclosure of which would cause competitive harm. A party shall not routinely designate material as "CONFIDENTIAL" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(c) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which

describes a document which has been designated as "CONFIDENTIAL" as described above shall also be deemed to be designated as "CONFIDENTIAL."

(d) In the event that a producing party inadvertently fails to designate material as confidential at the time of the production, the party shall be entitled to make a correction. Such correction and notice thereof shall be made in writing as soon as practicable. The producing party, at its cost, shall also provide substitute copies of each item of discovery material, appropriately designated, to all parties who previously received the misdesignated material. Those individuals who received the discovery material prior to notice of the misdesignation by the producing party shall, within ten (10) business days of receipt of the substitute copies, return to the producing party all copies of such misdesignated documents and, in instances where an individual has made electronic copies of the misdesignated material, delete or otherwise destroy any such electronic copies that cannot practically be returned. Those individuals who reviewed the misdesignated discovery material prior to notice of the misdesignation by the producing party shall abide by the provisions of this Order with respect to the use and disclosure of any information contained in the misdesignated discovery material after receipt of the notice of misdesignation.

(e)     In the event a party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated as confidential once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation provided, however, if any person subject to this Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies as confidential and shall notify the producing party of the inconsistent designation.

(f)     Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph (g) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(g)     The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, experts, or others necessary for the preparation and trial of the lawsuit. Prior to disclosure, these individuals must be provided a copy of this Order and sign the Acknowledgment attached as Exhibit A hereto agreeing to be bound by the terms of this Order and agreeing to subject himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Order. The

party providing the individual with confidential discovery material shall retain copies of all executed Acknowledgments. Said Acknowledgments will only be provided to the producing party as may be ordered by the Court. Persons who receive confidential material at a deposition, hearing, or trial who are not otherwise authorized to receive such information pursuant to paragraphs (i), (ii), or (iii) above, and who have not signed an Acknowledgment, may be shown and questioned about the confidential material during the deposition, hearing, or trial but will not be entitled to take possession of the confidential material that was disclosed.[1]

(h)   Except as provided in subparagraph (g) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(i)   All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be

---

[1] Loan account numbers, social security numbers, and birth dates must be redacted prior to showing confidential information to a non-expert witness or deponent. If at any time redaction of such information becomes burdensome, the parties agree to confer in good faith on appropriate modifications to this Order.

immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _Feb 7th, 2014_ ," together with a simultaneous motion pursuant to Section III(A) of the Court's Electronic Case Filing and Administrative Procedures, Standing Order No. 04-01, and Instructions for Cases Assigned to the Honorable Steve C. Jones, Case No. 1:12-cv-03640-SCJ, ECF No. 4 (Nov. 1, 2012) (hereinafter the "Interim Sealing Motion"). Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order. A copy of any materials filed with the Court pursuant to this section may also be filed in the public record but with all confidential information redacted. A

party may also choose to file only a redacted version of the material if the confidential material is not relevant to the filing, and in such circumstances the party need not file an unredacted version under seal.

3. Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4. Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

5. Return of Confidential Material at Conclusion of Litigation. At the conclusion of the litigation, all material treated as confidential under this Order shall be returned to the originating party, or shall be destroyed (as confirmed in writing). Counsel of record may retain pleadings, documents filed with the Court, and any work product and copies thereof, provided said materials are to remain subject to this Order. The Clerk of the Court shall return to counsel for the parties, any sealed material at the end of the litigation, including any appeals.

6. Non-waiver of Privilege for Inadvertently Disclosed Materials. Pursuant to Fed. R.Evid. 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege, the work-product protection, or other privilege or protection that may be the basis for withholding any material, shall not waive the protection or the privilege for either that document or for the subject matter of that document.

7. Return of Inadvertently Disclosed Materials. Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege, the work-product protection, or other privilege or protection that may be the basis for withholding any material, shall be, upon written request, promptly returned to the producing party, or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

8. Subpoena Issued in Any Other Action. If a subpoena issued in any other action calls-for the production by the recipient of the subpoena ("Recipient") of confidential discovery material produced to Recipient by any other person in this action then the Recipient shall:

(a)     be obligated, within five (5) business days of the Recipient's receipt of the subpoena, to provide notice of the subpoena, as well as a copy of same, to the party who or which produced the discovery material to the Recipient; and,

(b)     the Recipient shall be permitted to respond in a timely manner to such subpoena without violation of this Order if the foregoing notice is timely given and, within the period provided for response to such subpoena, the producing party has neither moved to intervene to seek a court order preventing disclosure of the discovery material nor made other arrangements with the person or entity issuing the subpoena. If the producing party has moved to intervene to seek a court order preventing disclosure of the discovery material, the Recipient will not disclose the discovery material until such motion is adjudicated.

**IT IS SO ORDERED**

_____
Honorable Steve C. Jones
United States District Judge
Northern District of Georgia

Date: February 7th, 2014

Prepared and respectfully submitted by:

/s/ James M. Evangelista
Jeffrey R. Harris (Bar No. 330315)
Darren Penn (Bar No. 571322)
James M. Evangelista (Bar No. 707807)
David J. Worley, (Bar No. 776665)
HARRIS PENN LOWRY LLP
400 Colony Square
1201 Peachtree Street, N.E., Suite 900
Atlanta, GA 30361
Tel: (404) 961-7650
Fax: (404) 961-7651

Hezekiah Sistrunk, Jr. (GA Bar 649413)
Shean D. Williams (GA Bar 764139)
COCHRAN, CHERRY, GIVENS,
SMITH, SISTRUNK and SAMS P.C.
127 Peachtree Street
Atlanta, GA 30303
(404) 222-9922
(404) 222-0170

*Co-Counsel for Plaintiffs DeKalb
County, Fulton County & Cobb County,
Georgia*

/s/ Therese G. Franzén
Therese G. Franzén (Bar No. 492367)
D. Sharmin Arefin (Bar No. 511388)
FRANZÉN AND SALZANO, P.C.
40 Technology Parkway South
Suite 202
Norcross, Georgia 30092-2906
(770) 248-2885 (Telephone)
(770) 248-2883 (Facsimile)

Andrew L. Sandler (pro hac vice)
Valerie L. Hletko (pro hac vice)
Mark E. Rooney (pro hac vice)
BUCKLEYSANDLER LLP
1250 24th St. NW, Suite 700
Washington, D.C. 20037
(202) 349-8000 (Telephone)
(202) 349-8080 (Facsimile)

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEKALB COUNTY, FULTON COUNTY, and COBB COUNTY, GEORGIA, ) ) ) ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | CIVIL CASE NO.: |
| HSBC NORTH AMERICA HOLDINGS INC., ET AL., ) ) ) | 1:12-cv-03640-SCJ |
| Defendants. ) | |

## ACKNOWLEDGMENT

I certify that I have received and read a copy of the Stipulated Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material (the "Order") entered in the above-captioned action and that I agree to be bound by the terms of the Order. I consent and agree to be subject to the jurisdiction and authority of the United States District Court for the Northern District of Georgia for purposes of enforcement of the Order.

Dated:_____          _____
                                Signature

                                _____
                                Printed Name