**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| DEKALB COUNTY, FULTON COUNTY, and COBB COUNTY, GEORGIA, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL CASE NO.: 1:12-cv-03640-SCJ |
| HSBC NORTH AMERICA HOLDINGS INC., ET AL., | ) ) ) | |
| Defendants. | ) ) ) | |

## <u>DEFENDANT DECISION ONE MORTGAGE COMPANY LLC'S INITIAL DISCLOSURES</u>

Defendant Decision One Mortgage Company LLC ("Decision One"), by and through its undersigned counsel, hereby submits the following initial disclosures pursuant to Fed. R. Civ. P. 26, Local Civil Rule 26.1, and the Court's January 27, 2014 Scheduling Order (ECF No. 38).

Decision One reserves the right to amend or supplement its initial disclosures at any time as appropriate. In addition, these disclosures are made without in any way waiving (i) the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay or any other proper ground, to the use of

such information or any documents for any purpose, in whole or in part, in any

subsequent proceeding in this action or in any other action; or (ii) the right to

object on any and all grounds, at any time, to any other discovery request or

proceeding involving or relating to the subject matter of these disclosures.

**(1)     If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Not applicable.

**(2)     Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Not applicable.

**(3)     Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Decision One has not yet completed its investigation and analysis of the

facts relating to this action.  Decision One's ongoing discovery, analysis, and

investigation may disclose the existence of additional facts, add meaning to known

facts, support entirely new legal or factual contentions, and may lead to additions

or modifications of these disclosures.  Accordingly, Decision One reserves the

right to amend or supplement these initial disclosures.  Decision One further

reserves the right to make use of, or introduce in any hearing or at trial, information not known to exist at the time of these disclosures, including, but not limited to, information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure.

In addition, Decision One continues to maintain, and will renew when appropriate, the contention that Plaintiffs' case is deficient for at least two reasons: (i) it is barred by the statute of limitations; and (ii) Plaintiffs do not have standing to bring this lawsuit.[1]

First, this case is time-barred by the Fair Housing Act's two-year statute of limitations.  Plaintiffs were aware—or should have been aware through the exercise of reasonable diligence—of their claims prior to October 18, 2010, as demonstrated by the allegations in the Complaint, Plaintiffs' Declarations (ECF No. 39), and publicly available information.  Among other things:

- The complained-of conduct relates to loans originated between 2003 and 2007.  (See, e .g., Compl., ¶¶ 138-40, 142-44, 243).

- The Complaint relies on publicly-available HMDA data nearly ten years old.  (See, e.g., id., ¶¶ 52-57).

---

[1] In addition, the HSBC Defendants have preserved the argument that the Fair Housing Act does not allow lawsuits premised on a disparate impact theory of liability.  See, e.g., Brief in Support of Motion to Dismiss, ECF No. 16-1, at 37-40.  The Court declined to accept that argument unless and until the Supreme Court holds otherwise.  See Order, ECF No. 23, at 43.

- DeKalb County received millions of dollars in grants from HUD in 2008, and again in 2010, to address thousands of abandoned homes.  (See ECF No. 16-4, Press Release, U.S. Rep. Hank Johnson, Rep. Johnson: $7 Million-Plus Headed to DeKalb, Gwinnett for Neighborhood Stabilization (Sept. 10, 2010)).

- Municipalities filed nearly identical lawsuits with significant media attention beginning in 2008.  See, e.g., Mayor & City Council of Baltimore v. Wells Fargo Bank, N.A., 677 F. Supp. 2d 847 (D. Md. filed January 2008); City of Birmingham v. Citigroup, Inc., No. CV-09-BE-467-S, 2009 WL 8652915 (N.D. Ala. filed November 2008).

Second, Plaintiffs do not have standing to sue because there is no causal connection between their alleged injuries and any alleged improper conduct on the part of HSBC.  Plaintiffs' case is predicated on alleged vacancies in unidentified properties securing loans originated more than five years ago to unidentified borrowers.  Plaintiffs appear to attribute damages "in the hundreds of millions of dollars" (Complaint, ECF No. 1, at ¶ 4) to the HSBC Defendants' (collectively, "HSBC") share of less than three percent of the Counties' residential mortgage lending market during the relevant period.  Decision One avers that there is no causal connection between the lending or servicing practices alleged in the

Complaint and any increased costs for municipal services at these properties or decreased property tax revenues across broad stretches of the Counties that they claim as "financial injury."

The Plaintiffs have not identified a single property address where an alleged vacancy was caused by the terms of an HSBC loan or HSBC servicing, nor will they be able to do so.  In fact, defaults on these loans were caused by the complex weave of life circumstances—job loss, illness, death, and divorce—that typically precipitate foreclosure and other personal tumult and financial upheaval, and the Plaintiffs' own policies and stewardship has contributed to these forces and has not been helpful in avoiding or mitigating them.

Plaintiffs' purported statistical claims are equally fallible.  The geographic distribution of HSBC's foreclosures is consistent with those of other lenders and thus not statistically suggestive of reverse redlining or unlawful discrimination.

**(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

This is an action brought pursuant to the Fair Housing Act, 42 U.S.C. § 3601, et seq. (the "FHA").  Plaintiffs' claim is barred by the FHA's two-year statute of limitations and because Plaintiffs do not have standing to sue under Article III of

the U.S. Constitution.  In addition, the following illustrative cases are applicable to

this action and support dismissal of Plaintiffs' claim:

- Allen v. Wright, 468 U.S. 737 (1984)

- City of Birmingham v. Citigroup, Inc., No. CV-09-BE-467-S,
  2009 WL 8652915 (N.D. Ala. Aug. 19, 2009)

- City of Cleveland v. Ameriquest Mortgage Sec., Inc., 621 F. Supp. 2d
  513 (N.D. Ohio 2009)

- City of Memphis and Shelby County v. Wells Fargo Bank, N.A.,
  No. 09-02857-STA, 2011 WL 1706756 (W.D. Tenn. May 4, 2011)

- Dillard v. Chilton Cnty. Comm'n, 495 F.3d 1324 (11th Cir. 2007)

- Federer v. Midland Mortg. Co., No. 1:12-CV-2492-TWT, 2012 WL
  5880916 (N.D. Ga. Nov. 21, 2012)

- Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla., 641 F.3d 1259
  (11th Cir. 2011)

- In re African-American Slave Descendants Litig., 304 F. Supp. 2d 1027
  (N.D. Ill. 2004)

- Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)

- Mayor & City Council of Baltimore v. Wells Fargo Bank, N.A. & Wells
  Fargo Fin. Leasing, Inc., 677 F. Supp. 2d 847 (D. Md. 2010)

- Mayor and City Council of Baltimore v. Wells Fargo, Bank, N.A.,
  No. JFM-08-62, 2011 WL 1557759 (D. Md. Apr. 22, 2011)

- Wood v. Briarwinds Condo. Ass'n Bd. of Dirs., No. 09-12704, 369 Fed.
  Appx. 1 (11th Cir. Mar. 3, 2010)

**(5)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

Decision One does not authorize its employees to be contacted directly.  All communications should go through Decision One's outside counsel handling this matter.  Individuals likely to have discoverable information to support Decision One's defenses include the following:

1.     Plaintiffs DeKalb County, Fulton County, and Cobb County, including County Attorneys, County Chairpersons, Boards of Commissioners, County Managers, Code Enforcement Officials, Tax Commissioners, Offices of Housing and Community Development, as well as department heads and employees in Economic Development, Finance, Fire, Geographic Information Services, Housing Authority, Police, Tax Appraiser, Tax Assessor, and the Water and Sewer Authority.

2.     City of Atlanta Mayors, Tax Commissioners, Commissioners of the Office of Housing and Community Development, City Attorneys, City Chairpersons, City Managers, Code Enforcement Officials, Planning and Zoning Officials, and Offices of Housing and Community Development Officials.

3.      Decision One and its employees with responsibility for various

aspects of loan origination and servicing in connection with accounts

corresponding to the property addresses where Plaintiffs claim to have suffered

damages.

**(6)      Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Decision One will supplement its initial disclosures to identify relevant

expert information when appropriate.

**(7)      Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Decision One expects to use documents and information from three broad

categories:  (i) loan origination files, servicing records, and property maintenance

records in connection with accounts corresponding to the property addresses where

Plaintiffs claim to have suffered damages; (ii) property-specific information and

other information maintained by the three Plaintiff counties; and (iii) publicly

available information relating to the causes of foreclosure.

Property-specific information and other information in the possession, custody, or control of Plaintiffs that Decision One may use to support its defenses will include:

(1)   The date that Plaintiffs knew or should have known the basis for their Complaint.

(2)   Plaintiffs' bases for allegations relating to reverse redlining.

(3)   Identities of African-American residents of Plaintiffs' neighborhoods or communities with high percentages of FHA protected minority residents allegedly placed into a less desirable loan.

(4)   Identification of all property addresses at which Plaintiffs allegedly suffered injuries as described in the Complaint.  HSBC, to the extent possible, will identify which of such properties (if any) were secured by an HSBC loan.  HSBC will then seek from Plaintiffs the information described herein relating to those properties (the "Subject Properties") as well as for properties on the same block as any Subject Property and properties within a five-block radius of any Subject Property (the "Surrounding Properties").

(5)   Information relating to Plaintiffs' alleged damages at the Subject Properties, including:

- Information relating to decreased property tax revenues;
- Information relating to criminal activity, police and fire services expenditures, code inspections and repairs, housing code violations, and administrative costs;
- Information relating to occupancy status, including whether and when properties became vacant and the basis for asserting that properties became vacant as a result of borrower defaults (Complaint at ¶ 296);
- Information relating to municipal utility and other tax revenue;
- Information relating to any tax or other County-imposed liens;
- Information relating to recording fees allegedly affected by use of the MERS system;
- Information relating to any owner or occupant of any Subject Property including police records, death records, tax records, and any other County records;
- Judicial records relating to foreclosure actions or other civil or criminal actions relating to the Subject Properties;

- Information relating to any other injuries claimed by Plaintiffs;
- Identification of all computer systems used to track or account for any information enumerated above; and
- Description of how alleged damages or costs will be quantified.

(6)    Information relating to the Surrounding Properties, including but not limited to information relating to housing code violations; occupancy status; tax and other liens; fire, police, and other administrative information; judicial records; and any other information identified in (5), above.

(7)    Information supporting Plaintiffs' request for injunctive relief, including the nature and description of any alleged immediate future injuries.

(8)    Identification of all residential properties owned by Plaintiffs since 1/1/2003 and for each:  dates acquired and sold; vacancy information; housing code violation information; and nature and amount of all expenditures made by Plaintiffs with respect to each property.

(9)    Information relating to mortgage loans made through any assistance programs offered or administered by Plaintiffs, including every loan made, every loan that went into default, and every loan ultimately foreclosed upon.

(10)   Information relating to any foreclosed property where Plaintiffs played a role in the origination and/or foreclosure of a loan, including: addresses of properties foreclosed upon by Plaintiffs or by the purchaser of a lien; as to these properties, detailed information related to liens, property condition, vacancy, and criminal activity; and dates and nature of Plaintiffs' expenditures associated with the properties.

(11)  Information relating to Plaintiffs' budgets or monthly projections and expenditures for police, fire, administrative costs, property maintenance, legal services and any other cost associated with vacant or abandoned properties, and all contracts relating to vendors, subcontractors or other agents providing assistance relating to maintenance of vacant or abandoned properties.

(12)   Information relating to the alleged "communities with high percentages of FHA protected minority residents" (Complaint, ECF No. 1, at ¶ 2) including geographic boundaries, total number of residences, and specific HSBC properties at issue.

(13)   Identification of all documents obtained by Plaintiffs containing statements relating to any occurrence or fact alleged in the Complaint.

(14)   The identity of every resident of Plaintiffs' counties, every HSBC
employee or former employee, and every financial institution with
whom Plaintiffs and/or their counsel has communicated or attempted to
communicate regarding the allegations in the lawsuit.

(15)   Identification of all statements relating to the litigation made by
Plaintiffs and/or their counsel.

(16)   The identity of every financial institution Plaintiffs believe or suspect
might have caused injury to them as a result of discriminatory lending
practices, specifying the extent and nature of the damages.

**(8)     In the space provided below, provide a computation of any
category of damages claimed by you. In addition, include a copy of, or
describe by category and location of, the documents or other evidentiary
material, not privileged or protected from disclosure on which such
computation is based, including materials bearing on the nature and extent of
injuries suffered, making such documents or evidentiary material available
for inspection and copying under Fed.R.Civ.P. 34.  (Attach any copies and
descriptions to Initial Disclosures as Attachment D.)**

Decision One intends to seek recovery of its attorneys' fees and costs in this

matter.

**(9)     If defendant contends that some other person or legal entity is, in
whole or in part, liable to the plaintiff or defendant in this matter, state the
full name, address, and telephone number of such person or entity and
describe in detail the basis of such liability.**

Not applicable.

**(10)    Attach for inspection and copying as under Fed.R.Civ.P. 34 any
insurance agreement under which any person carrying on an insurance
business may be liable to satisfy part or all of a judgment which may be
entered in this action or to indemnify or reimburse for payments to satisfy the
judgment.  (Attach copy of insurance agreement to Initial Disclosures as
Attachment E.)**

Decision One is reviewing the availability of coverage and will supplement its initial disclosures as appropriate.

Dated: February 18, 2014                    Respectfully submitted,

                                            /s/ Therese G. Franzén
                                            Therese G. Franzén (Bar No. 492367)
                                            D. Sharmin Arefin (Bar No. 511388)
                                            FRANZÉN AND SALZANO, P.C.
                                            40 Technology Parkway South, Suite 202
                                            Norcross, Georgia 30092-2906
                                            (770) 248-2885 (Telephone)
                                            (770) 248-2883 (Facsimile)
                                            tfranzen@franzen-salzano.com
                                            sarefin@franzen-salzano.com

                                            Andrew L. Sandler (*pro hac vice*)
                                            Valerie L. Hletko (*pro hac vice*)
                                            Mark E. Rooney (*pro hac vice*)
                                            BUCKLEYSANDLER LLP
                                            1250 24th St. NW, Suite 700
                                            Washington, D.C.  20037
                                            (202) 349-8000 (Telephone)
                                            (202) 349-8080 (Facsimile)
                                            asandler@buckleysandler.com
                                            vhletko@buckleysandler.com
                                            mrooney@buckleysandler.com
                                            *Attorneys for Defendants*