**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| DEKALB COUNTY, FULTON COUNTY, and COBB COUNTY, GEORGIA, ) ) ) ) )  Plaintiffs, ) ) v. ) ) HSBC NORTH AMERICA HOLDINGS INC., ET AL., ) ) ) ) Defendants. ) | CIVIL ACTION NO.: 1:12-CV-03640-ELR |

## PLAINTIFFS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR CERTIFICATION OF CONTROLLING QUESTIONS OF LAW FOR INTERLOCUTORY APPEAL

COME NOW, Plaintiffs DeKalb County, Fulton County and Cobb County, Georgia ("Plaintiffs") through their undersigned counsel, and respectfully request that the Court either reconsider its statute of limitations rulings in the November 16, 2015 Order ("November 16 Order"), or certify for immediate appellate review under 28 U.S.C. §1292(b) certain controlling questions of law.

As set forth in the Counties' accompanying Memorandum of Law in support of this motion, the Court's statute of limitations rulings in the November 16 Order conflict with: the plain language of the Fair Housing Act's statute of limitations, 42

1

U.S.C. §3613(a)(1)(A); the Court's own findings relating to the allegations in the Counties' Complaint; Supreme Court, Eleventh Circuit, and lower court precedent interpreting the FHA; and the FHA's legislative history.

As also set forth in the Counties' Memorandum of Law, the Counties request, in the alternative, that the Court certify the following controlling questions of law for immediate appellate review pursuant to 28 U.S.C. §1292(b):

1. *Whether the FHA's two year limitations period begins to run prior to the termination of a discriminatory housing practice that is alleged to be continuing and not terminated at the time the complaint is filed notwithstanding the plain language of 42 U.S.C. §3613(a)(1)(A), which decrees that the FHA's statute of limitations period begins to run "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . whichever occurs last"?*

2. *Whether the common law "continuing violations doctrine" can override the plain language of the FHA's limitations provision in determining when to commence the FHA's two year limitations period in cases alleging a discriminatory housing practice that has not terminated, and is continuing, at the time the complaint was filed?*

3. *Whether despite an unambiguous statutory limitations provision devoid of any reference to a plaintiff's knowledge of its claim, a discovery rule nonetheless applies in determining when to commence the FHA's two year limitations provision in cases alleging a discriminatory housing practice that has not terminated, and is continuing, at the time the complaint was filed?*

For these reasons, and as further set forth in the accompanying Memorandum of Law, the Counties respectfully request that the Court enter one of the attached [proposed] Orders.

Dated:   December 14, 2015          Respectfully submitted,

By:  /s/ James M. Evangelista
Jeffrey R. Harris (GA Bar 330315)
Darren W. Penn (GA Bar 571322)
James M. Evangelista (GA Bar 707807)
David J. Worley (GA Bar 776665)
HARRIS PENN LOWRY, LLP
400 Colony Square, Suite 900
1201 Peachtree Street, NE
Atlanta, GA  30361
Phone: (404)961-7650
Fax: (404)961-7651

Hezekiah Sistrunk, Jr. (GA Bar 649413)
Jane Lamberti Sams (GA Bar 432025)
Shean D. Williams (GA Bar 764139)
COCHRAN, CHERRY, GIVENS, SMITH, SISTRUNK and SAMS P.C.
127 Peachtree Street
Atlanta, GA 30303
(404) 222-9922
(404) 222-0170

*Co-Counsel for Plaintiffs DeKalb County, Fulton County & Cobb County, Georgia*

Thomas G. Sampson, Sr. (GA Bar 623600)

Jeffrey E. Tompkins (GA Bar 714608)
THOMAS KENNEDY SAMPSON &
TOMPKINS LLP
3355 Main Street
Atlanta, Georgia 30337
(404) 688-4503 (phone)
(404) 761-3224 (fax)

*Additional Co-Counsel for Plaintiff
Fulton County, Georgia*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the above and foregoing PLAINTIFFS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR CERTIFICATION OF CONTROLLING QUESTIONS OF LAW FOR INTERLOCUTORY APPEAL and accompanying memorandum and all attachments on all parties by causing a true and correct copy to be filed with the court's electronic filing system, which should automatically send a copy to all counsel of record.

Dated:  December 14, 2015        /s/ James M. Evangelista
                                 James M. Evangelista