IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEKALB COUNTY, FULTON COUNTY, and COBB COUNTY, GEORGIA, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | 1:12-CV-03640-ELR |
| HSBC NORTH AMERICA HOLDINGS INC., et al., | * * * | |
| Defendants. | * * | |

**ORDER**

This case is now ready to proceed with discovery. The Court has reviewed in depth the parties' proposed discovery plans. (Docs. No. 111, 112, 113, and 114). The Court also held a telephone conference on February 29, 2016, and heard arguments from counsel about how discovery should proceed. After consideration of all of the submitted proposals and counsel's arguments, the Court finds that Defendants' approach to discovery will best serve this case at this time. Perez v. Miami-Dade Cty., 297 F.3d 1255, 1263 (11th Cir. 2002) (district courts are entitled to broad discretion in managing pretrial discovery matters).

As Defendants proposed, discovery will proceed in phases. This order will set forth the first phase of discovery and allow time for the parties to file motions for summary judgment at the conclusion of this phase. If the case passes summary judgment, the Court will then set the limits for the next phase of discovery. Phase One will proceed based on Defendants' proposal, as amended, set forth below:

The first phase will focus on whether Plaintiffs' claim is time barred, either because Plaintiffs cannot demonstrate a Fair Housing Act ("FHA") violation within the limitations period that caused them injury, or because Plaintiffs were aware (or should have been aware) of a potential claim against Defendants more than two years prior to filing this lawsuit.

The first phase will focus on (i) the identification and causation of any injury to Plaintiffs at specific properties securing loans originated by Defendants from October 18, 2010 to December 31, 2014; (ii) Defendants' mortgage origination and servicing practices from October 18, 2010 to December 31, 2014; and (iii) whether Plaintiffs acted diligently in pursuing their claim.

<u>Phase One Duration and Deadlines:</u>  Within fourteen (14) days from the date of entry of this order, Defendants shall produce to Plaintiffs the Phase One Home Mortgage Disclosure Act ("HMDA") and Loan Application Registry ("LAR") data described herein. All Phase One document discovery must be completed within two months of the date of entry of this order. All Phase One depositions must be

completed within three months of the date of entry of this order, at which time Phase One discovery shall be closed. Within three weeks of the close of Phase One discovery, either party may move for summary judgment pursuant to the Local Rules and Federal Rules of Civil Procedure. If no party moves for summary judgment, the case will proceed to the next phase of discovery with instructions from the Court.

Phase One Discovery to Be Exchanged:

1. Defendants to provide:

- HMDA LAR data (with property addresses) for all loans originated in the three Counties by any Defendant entity from 10/18/2010 through 12/31/2014.
- Mortgage origination policies and procedures from 10/18/2010 through 12/31/2014.
- Mortgage servicing policies and procedures from 10/18/2010 through 12/31/2014.

2. Plaintiffs to provide:

- With respect to any property securing a loan originated by Defendants (the "Phase One Loans" or "Phase One Properties"), and any property within a one-block radius of each Phase One Property (the "Surrounding Properties"), Plaintiffs will provide information evidencing any alleged injury at those

properties, and information probative of the cause of Plaintiffs' alleged injuries at those properties, including information relating to:

- o Property vacancy
- o Property condition
- o Housing code violations
- o Municipal services rendered (e.g., fire, police, and property maintenance)
- o Tax liens and other municipal liens
- o Downpayment and/or mortgage assistance programs
- o Social services rendered to owners or occupants
- o Foreclosures
- o Public records relating to owners or occupants

- Documents and information relating to whether Plaintiffs were aware or should have been aware of a potential FHA claim against Defendants in particular prior to October 18, 2010.

Additional Matters:  The parties shall produce documents and other electronically stored information ("ESI") consistent with Fed. R. Civ. P. 34(b)(E) and/or may enter into a specific ESI protocol to govern the form of production. The parties already have filed their initial disclosures and should amend their initial disclosures as appropriate.  See FED. R. CIV. P. 26(e)(1).  Expert discovery relating to the scope of discovery in any phase shall run concurrently with that phase, and subject to the same deadlines.  A satisfactory Confidentiality Order already has been entered in this matter (ECF No. 41).  The parties are directed to follow the procedures in the Court's instructions (ECF No. 74) to resolve all discovery disputes or, as applicable, to follow the procedures for discovery disputes established by a

special master.[1]  The Court reserves the right to modify this order if good cause exists to do so as the case progresses and the issues left to be resolved become clearer.  See FED. R. CIV. P. 16(b)(4).  The Court will continue to monitor and manage this case.  (See Omnibus Order 23, ECF No. 110.)  Except as modified herein, the parties' discovery efforts shall be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**SO ORDERED**, this 4th day of March, 2016.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[1] The Court will determine whether a special master is necessary as discovery progresses.